**LA RAZA UNIDA, et al., Plaintiffs,**

v.

**John VOLPE, et al., Defendants.**

**No. C–71–1166 RFP.**

United States District Court,
N. D. California.

March 9, 1982.

Stephen P. Berzon, Michael Rubin, Alt-shuler & Berzon, San Francisco, Cal., for plaintiffs.

Richard G. Rypinski, Chief Counsel, Norval Fairman, Asst. Chief Counsel, San Francisco, Cal., for defendants.

## ORDER

PECKHAM, Chief Judge.

In 1971, plaintiffs filed suit to halt a proposed freeway that would have required relocation of residents in the East Bay. On November 8, 1971, we awarded a preliminary injunction against construction of the freeway, which was affirmed by the Ninth Circuit. We awarded plaintiffs attorneys' fees, and then vacated that award without prejudice in light of the Supreme Court's decision in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Subsequent to that decision, Congress enacted 42 U.S.C. § 1988, and expressly made that act applicable to civil rights cases pending on the date of enactment.

In 1977, we held that plaintiffs were entitled to fees under section 1988, and that such fees could be awarded against the state without violating the eleventh amendment. *La Raza Unida v. Volpe*, 440 F.Supp. 904 (N.D.Cal.1977).

The parties then stipulated that the plaintiffs' reasonable attorneys' fees were $200,000 plus interest; this stipulation was approved and entered by the court on March 11, 1981. The stipulated judgment ordered the head of the Department of Transportation, or his/her successor, in his/her official capacity, to pay plaintiffs $200,000 plus interest in attorneys' fees.

The defendants sought a legislative appropriation to satisfy the judgment. However, no legislator could be found to sponsor the bill, and no appropriation was made. On October 8, 1981, the Clerk of the Court entered a writ of execution pursuant to Fed.R.Civ.P. 69(a). Defendants seek to quash or set aside that writ. Plaintiffs have filed a cross-motion requesting that if the writ is set aside, this court should exercise its equitable power to enter an order under rule 70 requiring defendants under penalty of contempt, to satisfy the judgment.

Section 4.50 of the California State Budget states:

> No funds appropriated by this act may be used to pay court-awarded attorney's fees unless payment of such fees is either:
>
> (a) Specifically authorized and set forth in an item or section of this act; or
>
> (b) Expressly authorized by a statutory provision other than Section 1021.5 of the Code of Civil Procedure.
>
> Provided that this section will not be construed as making an appropriation of funds for the payment of court-awarded attorney's fees. Chapter 99, Statutes of 1981, Section 4.50.

Rule 69(a) of the Federal Rules of Civil Procedure states:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable. . . .

Defendants argue that: (1) the budget prohibits an award of attorneys' fees because there was no legislative appropriation and because section 4.50(b) only refers to state statutes; and (2) the budget provision constitutes a practice or procedure under Fed. R.Civ.P. 69(a) that must be heeded. Defendants thus argue that the state may ignore the writ of execution unless and until the legislature appropriates money to satisfy the judgment. For reasons stated below, we find this argument to be without merit; we therefore decline to quash or set aside the writ of execution.

### Section 1988 Preempts Conflicting State Law Provisions

■ Rule 69(a) of the Federal Rules of Civil Procedure specifically states that execution "shall be in accordance with the practice and procedure of the state . . . *except that any statute of the United States governs to the extent that it is applicable.*" (Emphasis added.) The Fifth Circuit has held in two cases that section 1988 awards may be enforced by writ of execution regardless of whether state law imposes restrictions on payment of attorneys' fees awards.

In *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980), plaintiffs had been awarded attorneys' fees under section 1988. The court then issued an order requiring the state auditor to issue a warrant upon the state treasurer; the order also required the state treasurer in turn to satisfy the judgment. The defendant pointed to provisions of that state's law prohibiting the satisfaction of

any judgment against the state except by a legislative appropriation. The defendant argued that the district court did not have the power to violate state law, and that the order should be quashed.

The court found this argument "so clearly meritless as to be frivolous." *Id.* at 1280. The court relied on the principles underlying *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). In *Hutto*, the Court held that the eleventh amendment does not bar fee awards against state defendants under section 1988. The Court stressed that Congress intended that attorneys' fees awards would be collected from the state. *Id.* at 694, 98 S.Ct. at 2575. The Court also emphasized that federal courts have the power to impose financial penalties against states refusing to comply with federal court orders. *Id.* at 690, 98 S.Ct. at 2573. The court in *Gates* interpreted *Hutto* as authority to issue an order requiring the state to pay attorneys' fees under Fed.R. Civ.P. 69(a) or Fed.R.Civ. 70.

> We think this is adequate support for the proposition that, where a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court may use any of the weapons generally at its disposal to ensure compliance.

*Gates, supra* at 1271.

*Gates* was reaffirmed by the Fifth Circuit in *Gary W. v. State of Louisiana*, 622 F.2d 804 (5th Cir. 1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981). In *Gary W.*, plaintiffs were awarded attorneys' fees under section 1988. Defendants refused to pay the award on the ground that state law prohibited the payment of judgments against the state except from funds appropriated for that purpose by the state legislature. Defendants argued, as do the defendants in the instant case, that the state law was a "practice and procedure of the state" for the purposes of Fed.R.Civ.P. 69(a), and that the federal court was prohibited from enforcing the judgment. The court, relying on *Gates*, rejected the argument. *Id.*

■ We choose to follow the decisions of the Fifth Circuit on this issue because states should not be allowed to shield themselves from federal court judgments by enacting laws requiring legislative appropriations before payment of judicial awards. Otherwise, states would in effect be immune from paying attorneys' fees awards, even though *Hutto* held that the eleventh amendment does not apply to the payment of such awards.

Defendants attempt to distinguish these cases on the ground that the legislature in those cases had specifically refused to appropriate money, whereas in the instant case, the legislature never had the opportunity to decide whether to authorize the award. This argument ignores the broad principles underlying the decisions of the Fifth Circuit. These principles also apply in the instant case. Therefore, defendants' argument is without merit.

■ In sum, we find that the writ of execution was properly entered in accordance with Fed.R.Civ.P. 69(a). We also note our agreement with the Fifth Circuit decisions holding that such an order enforcing an award of attorneys' fees against a state could also be issued under the authority of Fed.R.Civ.P. 70. *See Gates v. Collier, supra; Gary W. v. State of Louisiana, supra.*

Finally, we find that plaintiffs are entitled to reasonable attorneys' fees and costs incurred in enforcing the outstanding judgment against the defendants. *See Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir. 1981).