742 F.2d 369
 39 Fed.R.Serv.2d 1287
 MULAY PLASTICS, INC., Plaintiff-Appellee,
v.
GRAND TRUNK WESTERN RAILROAD CO., Defendant-Appellant.
The MAGNAVOX COMPANY, Plaintiff-Appellant,
v.
BALLY MIDWAY MANUFACTURING COMPANY, Defendant-Appellee.
The MAGNAVOX COMPANY, Petitioner,
v.
Honorable Prentice H. MARSHALL, Judge for the Northern
District of Illinois, Respondent.
 Nos. 84-1905, 84-1902 and 84-2059.
 United States Court of Appeals,
Seventh Circuit.
 Submitted July 9, 1984.
Decided Aug. 22, 1984.
 
 Dean M. Trafelet, Schlegel & Trafelet, Ltd., Don H. Reuben, Reuben & Proctor, Chicago, Ill., for plaintiff-appellee.
 Francis X. Grossi, Jr., Katten, Muchin, Zavis, Pearl & Galler, Keith F. Bode, Jenner & Block, Chicago, Ill., for defendant-appellant.
 Before CUMMINGS, Chief Judge, and POSNER and FLAUM, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We have consolidated these two appeals (and one mandamus petition) to consider what is likely to be a recurrent question under the recent amendments to the Federal Rules of Civil Procedure (effective August 1, 1983) strengthening the powers and responsibilities of federal district judges to mete out sanctions for procedural abuse: the immediate appealability of orders imposing such sanctions. The issues have been fully briefed, and are ripe for disposition.
 
 
 2
 In Mulay, 102 F.R.D. 130, the district judge ordered the appellant to pay the appellee $3,820.70 as a sanction for failing to produce relevant evidence in connection with the appellee's motion for summary judgment. The motion was denied, and the case is continuing. The order to pay is not final in the sense of winding up a lawsuit, and is appealable if at all only under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). That doctrine allows the immediate appeal of some orders which, while not injunctions and so not appealable under 28 U.S.C. Sec. 1292(a)(1), have the same effect as injunctions: they inflict irreparable harm. See Illinois v. F.E. Moran, Inc., 740 F.2d at 533, 536-37 (7th Cir.1984); In re UNR Industries, Inc., 725 F.2d 1111, 1117-18 (7th Cir.1984). But an order to pay money as a sanction for abuse of discovery usually does not--and in this case did not--inflict irreparable harm on the party (Grand Trunk) ordered to pay. If, on appeal from the final judgment in this case, Grand Trunk convinces this court that the sanction should not have been imposed, it will get its money back then. See, e.g., Kordich v. Marine Clerks Ass'n, 715 F.2d 1392, 1393 (9th Cir.1983) (per curiam); Eastern Maico Distributors, Inc. v. Maico Fahrzeugfabrik, G.m.b.H., 658 F.2d 944, 947 (3d Cir.1981). There is no argument either that the appellee, a substantial corporation, will not be good for the trifling sum of money involved, if ultimately ordered to return it, or that the appellant, also a substantial corporation, will suffer a liquidity crisis by being deprived of this amount during the interim.
 
 
 3
 As there is nothing irreparable about the harm that the order to pay has done the appellant, appeal under the Cohen doctrine is not permissible. This is the usual conclusion reached in cases where parties try to appeal sanctions imposed during the discovery process, before a final judgment is entered. See, e.g., Eastern Maico Distributors, Inc. v. Maico Fahrzeugfabrik, G.m.b.H., supra, 658 F.2d at 947; In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir.1981). It is true that Ohio v. Arthur Andersen & Co., 570 F.2d 1370, 1372 (10th Cir.1978), is contra, but it has not been followed in any other circuit, and the force of its reasoning is weakened by the failure to refer to the irreparable-harm requirement of the Cohen doctrine. It is also true that judgments of criminal contempt, sometimes entered as sanctions for abuse of discovery, are appealable. United States v. Ryan, 402 U.S. 530, 532-33, 91 S.Ct. 1580, 1581-82, 29 L.Ed.2d 85 (1971). But if someone is adjudged guilty of a crime, he ought to be able to appeal as soon as possible; the general interest in expediting criminal proceedings is engaged even by a contempt proceeding. Apart from criminal contempt and some other exceptional cases, well illustrated by Knorr Brake Corp. v. Harbill, Inc., 738 F.2d 223 at 226 (7th Cir.1984), where the sanction was against nonparties, and In re UNR Industries, Inc., 736 F.2d 1136, 1137 n. 2 (7th Cir.1984), where the appeal was from an order in bankruptcy, an area where interlocutory appeals traditionally are liberally allowed, see In re Saco Local Development Corp., 711 F.2d 441, 444 (1st Cir.1983), sanctions for abuse of discovery, like other discovery orders, are not appealable orders in the federal system, unless the party sanctioned can bring his appeal within the Cohen doctrine by showing that all the elements of the doctrine are present.
 
 
 4
 Magnavox is a virtually identical case: the appellee was awarded $8,000 in attorney's fees and expenses incurred to compel the appellant to produce certain documents in discovery. This award is not appealable, for reasons we have already explained; and it adds nothing that the appellant here has also asked for a writ of mandamus to direct the district judge to vacate the award. Mandamus may not be used to get around the limitations on the appealability of interlocutory orders. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam). It also adds nothing that the judge certified his order awarding sanctions for an immediate appeal under Rule 54(b) of the Federal Rules of Civil Procedure. The rule allows an immediate appeal in some circumstances from an order finally disposing of a separate "claim for relief," but this has been held to mean a substantive claim, see Swanson v. American Consumer Industries, Inc., 517 F.2d 555, 560-61 (7th Cir.1975); Seigal v. Merrick, 619 F.2d 160, 164 n. 7 (2d Cir.1980); Redding & Co. v. Russwine Construction Corp., 417 F.2d 721, 726 n. 33 (D.C.Cir.1969); Atkins, Kroll (Guam), Ltd. v. Cabrera, 277 F.2d 922, 924 (9th Cir.1960), and the separate claim here was not substantive. The language of Rule 54(b) leaves little room for doubt that it indeed is limited to substantive claims: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ..."; compare Rule 8(a). In any event this reading is compelled by good sense; otherwise a class of interlocutory orders would be reviewable prematurely.
 
 
 5
 The appeals in these two cases are DISMISSED, and the petition for mandamus is DENIED. Costs in this court are awarded to the appellees.