Reuben **PALMER**, et al., Subclass A Plaintiffs,

and

Edward **Negron**, et al., Subclass B Plaintiffs,

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 82 C 2349.

United States District Court, N.D. Illinois, E.D.

Nov. 7, 1984.

Michael E. Deutsch, G. Flint Taylor, Jeffrey H. Haas, Chicago, Ill., for plaintiffs.

Jeremiah Marsh, Wm. Carlisle Herbert, James D. Ossyra, Hopkins & Sutter, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On November 18, 1983 (in the "Opinion," 576 F.Supp. 252) this Court determined

---

plaintiffs were entitled under 42 U.S.C. § 1988 ("Section 1988") to interim attorneys' fees of $116,980.20, an amount later reduced (by a December 28 oral bench ruling) to $112,606.20.[1] In response to this Court's invitation for the parties' submissions as to the proper time for payment, the City of Chicago ("City") opposes immediate payment, claiming:

1. Interim fee payments may be ordered only where a defendant's liability on the merits is clearly established after full litigation. Here the case has reached only the stage of a preliminary injunction (ordered by this Court at 562 F.Supp. 1067), now on appeal.

2. If plaintiffs lose that pending appeal, they will no longer be prevailing parties and thus no longer entitled to attorneys' fees.

3. Immediate payment is barred by the consent decree in *Evans v. City of Chicago*, No. 77 C 4119 and *Baylark v. City of Chicago*, No. 79 C 1939 (N.D.Ill. May 31, 1984) (*"Evans-Baylark"*).

4. Plaintiffs' fees award is unenforceable absent a determination under Fed.R. Civ.P. ("Rule") 54(b), and no such determination should be made under the circumstances of this case.

For the reasons stated in this memorandum opinion and order, this Court finds none of City's objections persuasive and therefore orders immediate payment.

### Proper Grounds for Objection

City's first two objections are really a back-door effort to obtain reconsideration of the Opinion. Each was disposed of when this Court expressly determined (576

F.Supp. at 253–54) plaintiffs were prevailing parties and were entitled to attorneys' fees regardless of the outcome of the current appeal or the rest of the litigation. There is no need to repeat that analysis. This opinion therefore restricts its discussion to:

1. whether immediate payment is barred by *Evans-Baylark;* and

2. whether a determination under Rule 54(b) is a prerequisite to an order for immediate payment.

### Nonapplicability of **Evans-Baylark**

*Evans-Baylark* has determined the sequence to be followed in payment of tort judgments against City. It contains a provision for attorneys' fees to be paid along with the judgments themselves, but Judge Grady has specified that provision applies only to attorneys' fees awarded in conjunction with damage awards, adding (Decree I.2 n. *):

> However, in cases which do not involve claims for money damages, such as cases where only injunctive or declaratory relief is sought, payment of a fee award out of sequence would not result in a preference of the attorney over the client. While this court assumes that for purposes of simplicity and uniformity attorneys fees awards in cases not involving money damages will ordinarily be paid in the same sequential order established in this decree for tort judgments, we nonetheless recognize that another court may in its discretion order current or immediate payment of attorneys fees in non-money damage cases in appropriate circumstances.[2]

After disposition of the ultimate merits of this action, the ultimate fee award for all services by plaintiffs' lawyers (including any possible application of a multiplier) will be determined.

---

1. That reduction was the result of the parties' and this Court's having addressed the issues referred to in the Appendix to the Opinion, 576 F.Supp. at 256–57. As both the Opinion (*id.* at 256) and the later oral bench ruling made plain, the $112,000-odd amount (calculated as the time spent multiplied by the regular hourly rate, without any further multiplier) represents a floor on recovery for the services involved (any consideration of a "negative multiplier"—really a discount—would be inappropriate under the relevant criteria, see *Lynch v. City of Milwaukee*, 747 F.2d 423 (7th Cir.1984)).

2. That provision was a modification inserted into *Evans-Baylark* in direct response to the question posed by this case (at this Court's direction, the litigants here had appeared before Judge Grady to raise the issue in connection with the then-pending proposed decree in his *Evans* and *Baylark* class actions).

This action falls squarely within that last clause. It plainly presents an "appropriate circumstance" for immediate payment. As the Opinion reflects, the fees awarded by this Court were earned in pursuit of injunctive relief rather than money damages,[3] and thus there is no question of favoring lawyer over client.

Most importantly, immediate payment will fulfill the purpose of Section 1988: to encourage—and indeed in this case actually enable—private enforcement of civil rights. *Lynch v. City of Milwaukee,* 747 F.2d 423, 426 (7th Cir.1984), quoting earlier opinions by our Court of Appeals. Where as here the fee award is consequent on plaintiffs' having obtained injunctive relief in vindication of constitutional rights, the Supreme Court's language in *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (though spoken of actions under Title II of the Civil Rights Act of 1964) has special force:

> If [a plaintiff] obtains an injunction, he does so not for himself alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts.[4]

**3.** City's attempt to categorize the fee award here as pursuant to a money judgment, simply because of the possibility some individual plaintiffs may later seek money damages, is not even specious. All anyone need do to reject that characterization is to read the Opinion. Moreover this Court has made plain throughout the litigation that it does not view this action (as contrasted with separate individual lawsuits) as the proper vehicle for advancing any such individual damage claims.

**4.** Indeed that same view of the civil rights plaintiff as "private attorney general" has just been voiced by our Court of Appeals as the predicate for upholding a fees award because the "amount of monetary recovery is not as significant as the policy being vindicated." *Lynch,* 747 F.2d at 431–32. Although the amount of the award is not at issue in this opinion (having been

And the same principles should apply in determining the time for, as well as the right to, interim payment of fees. As the Opinion said (576 F.Supp. at 254):

> Plaintiffs invoke *Hensley*'s [*v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)] fee determination principles to obtain current payment of the amount below which their fee award will not fall even under the worst possible scenario. Because plaintiffs will receive at least that amount in the end, they ask it be awarded now. Their position is unassailable. Plaintiffs are "prevailing" and have engaged in successful efforts for which they will inevitably be compensated. Their attorneys have spent hundreds of hours on the case without pay, and it may be years before a final evaluation of their success in every phase of the case can be made. Moreover *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam) expressly authorizes fee awards *pendente lite.*

If *Hanrahan*'s sanction of "the award of counsel fees *pendent lite*" (446 U.S. at 757, 100 S.Ct. at 1989) and "the interim award of counsel fees" (*id.* at 758, 100 S.Ct. at 1989) were to mean merely a declaration of future rights and not a right to immediate compensation, it would be an empty promise. That kind of purposelessness cannot be ascribed to Congress or to the Supreme Court.[5]

resolved in the Opinion), the principle just reconfirmed in *Lynch* strongly buttresses the propriety of the substantial award approved by this Court for plaintiffs' having forced defendants to protect the plaintiff classes' constitutional rights.

**5.** To read *Evans-Baylark* as barring immediate payment would pose serious Supremacy Clause questions. *Evans-Baylark* deals with restrictions created by state law on the enforceability of judgments. Both because the rights vindicated by plaintiffs here are federal constitutional rights and because Congress has created (and federal courts are bound to implement) the policy for fee-shifting under Section 1988 in such cases, such state-law-created limitations cannot stand in the way of the implementation of Constitution and Section 1988. *Spain v. Mountanos,* 690 F.2d 742, 745–46 (9th Cir.1982); *Collins*

*Nature of Order for Immediate Payment*

█ City cites the rule that a judgment may not be executed upon unless it is final (*International Controls Corp. v. Vesco*, 535 F.2d 742, 744–45 (2d Cir.1976)) and suggests this Court must therefore certify any payment order under Rule 54(b). But *Mulay Plastics, Inc. v. Grand Trunk Western Railroad Co.*, 742 F.2d 369, 371 (7th Cir.1984) teaches Rule 54(b) applies only to judgments or orders relating to "substantive claims" in the complaint.[6] Section 1988 attorneys' fees awards are collateral to and "uniquely separable" from the merits (*White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)) and are therefore not subject to certification under Rule 54(b). *Mulay*, 742 F.2d at 371; *Cheng v. GAF Corp.*, 713 F.2d 886, 888–89 (2d Cir.1983); *Swanson v. American Consumer Industries, Inc.*, 517 F.2d 555, 560–61 (7th Cir. 1975). Thus the "finality" of an attorneys' fee award under Section 1988 (including perhaps *Cohen* "finality," see n. 6) is to be determined solely under 28 U.S.C. § 1291 ("Section 1291").

Because of the apparent confusion in City's memorandum in these respects, this Court wants to make it plain today's order is immediately effective and the fees are payable now. To that end some brief discussion of the distinction between an *order* and a *final judgment* may be in order.

Rule 54(a) defines "judgment" for purposes of the Rules as "a decree" or "any order from which an appeal lies." With courts of equity no longer separate from courts of law, "decrees" are not distin-

guished from appealable orders for purposes of that definition. Appealable orders for Rule 54(a) purposes fall into two categories:

1. "final decision[s]" from which an appeal is permitted under Section 1291 and

2. interlocutory orders appealable under 28 U.S.C. § 1292 ("Section 1292").

10 Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 2651, at 9 (1983).

Interim attorneys' fees awards are clearly not among the interlocutory orders enumerated in Section 1292. *Yakowicz v. Commonwealth of Pennsylvania*, 683 F.2d 778, 782 n. 8 (3d Cir.1982); *Hastings v. Maine-Endwell Central School District*, 676 F.2d 893, 896 (2d Cir.1982). They may also not be "final decisions" for purposes of Section 1291 because of the prospect of an additional attorneys' fees award after final disposition of the case. *Hastings*, 676 F.2d at 895–96; *Yakowicz*, 683 F.2d at 782. Accordingly the interim fee payment ordered by this Court today may not (unless the *Cohen* doctrine applies, see n. 6) be an appealable "final decision." That however does not preclude its full enforceability: It is after all a court *order*, with which parties litigant are bound to comply.

This Court unquestionably has jurisdiction under Section 1988, as interpreted by *Hanrahan*, 446 U.S. at 757–58, 100 S.Ct. at 1989–90, to order the payment of attorneys' fees *pendente lite*. And *Mulay* makes plain that any nonappealability of such an order does not prevent its current enforcement.[7]

---

*v. Thomas*, 649 F.2d 1203, 1206 (5th Cir.1981); *LaRaza Unida v. Volpe*, 545 F.Supp. 36, 38–39 (N.D.Cal.1982); *Strama v. Peterson*, 537 F.Supp. 668, 671, 670 (N.D.Ill.1982).

**6.** This Court is not called upon to opine whether the factual matrix here is sufficiently different from that in *Mulay* to bring the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) into play (see 742 F.2d at 370). Indeed any such expression of opinion would be nothing more than advisory and hence impermissible.

**7.** Cases cited by City Mem. 7–8 (filed Oct. 9, 1984) as to the "final judgment" rule and enforceability are inapposite. Each involved a judgment on the merits, not a collateral order such as that presented here. This Court's spontaneous oral expression of concern in this area when it first identified the problem for the parties (Dec. 28, 1983 Tr. 4) was of course given without the benefit of the research and in-depth analysis reflected in this opinion.

*Mulay* was a consolidated appeal from two *pendente lite* awards:

    1. an award by this Court of sanctions for failing to produce relevant evidence in connection with a summary judgment motion (102 F.R.D. 130, 133–35); and

    2. an award by Judge Prentice Marshall of attorneys' fees and expenses on a motion to compel discovery.

In the course of ruling both awards non-appealable, our Court of Appeals recognized they were immediately enforceable (742 F.2d at 370). It said immediate payment of sanctions would not inflict irreparable harm on the party charged. *Id.* If the sanctions award were overturned on appeal at some point in the future, the money would simply be repaid to the party charged. In conceptual legal terms the current award of attorneys' fees is indistinguishable from the *Mulay* awards; and if the magnitude of the amount and the identity of the payees bring *Cohen* considerations into play (see n. 6), that is for the Court of Appeals to determine.

It should again be emphasized this order for current payment of interim attorneys' fees poses no unfairness to City. As the Opinion (576 F.Supp. at 255) makes abundantly clear, City's own acknowledgements before this Court and (on its current appeal) before the Court of Appeals show the current conservative award—containing no multiplier—represents the lowest fee award to which plaintiffs could be entitled even on a "worst case" scenario as to what remains in the litigation.

### Conclusion

Immediate payment of interim attorneys' fees is both appropriate and necessary to fulfill the purpose of Section 1988. Neither *Evans-Baylark* nor the "final judgment" rule poses an obstacle to an order for immediate payment. City is therefore ordered to pay plaintiffs $112,606.20 as attorneys' fees *pendente lite* on or before November 19, 1984.