**Bobby S. CLICK, Plaintiff-Appellant,**

v.

**ABILENE NATIONAL BANK (n/k/a MBank Abilene, N.A.), and Oregone West, Inc., Defendants-Appellees.**

No. 87–1094
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 24, 1987.

George A. Gonzales, Abilene, Tex., for plaintiff-appellant.

Allen W. Kimbrough, Diana T. Fulper, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for Abilene Nat. Bank, etc. and Oregone West, Inc.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

PER CURIAM:

This is an appeal from an order of sanctions entered against appellant's attorney

pursuant to Fed.R.Civ.P. 11. The district court, after holding a hearing, concluded that appellant's attorney had misrepresented that before filing a motion to amend his original complaint, he had conferred with opposing counsel. After concluding that no such conference had actually taken place, the district court ordered the amended complaint, which it had previously approved for filing, stricken from the record, and it assessed as sanctions appellees' attorneys' fees against appellant's counsel. We have no jurisdiction in this appeal and must DISMISS.

This Court must consider its jurisdiction sua sponte if necessary. *See Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 279 n. 1 (5th Cir.1987); *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir.1985). Contrary to the parties' representations in their briefs, the order awarding Rule 11 sanctions is not final under 28 U.S.C. § 1291. In striking the appellant's amended complaint, the district court did not dismiss the action in its entirety. The action remains pending before the district court. Had the district court refused, on grounds other than Rule 11, to grant leave to file the amended complaint, no final appealable order would have been entered. *DeMelo v. Woolsey Marine Industries*, 677 F.2d 1030, 1035 n. 12 (5th Cir.1982); *Lockett v. General Finance Loan Co.*, 623 F.2d 1128, 1129 (5th Cir. 1980); *Wells v. South Main Bank*, 532 F.2d 1005, 1006 (5th Cir.1976) (per curiam). We see no reason to differentiate these cases for purposes of finality simply because the court's order was based upon Rule 11. Thus, the sanctions order did not finally dispose of appellant's case for purposes of appeal.

Likewise, we see no reason to deem this order appealable pursuant to the collateral order doctrine of *Cohen v. Beneficial Life Insurance Co.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The prerequisites of an appealable *Cohen* order are that: (1) it must conclusively determine the disputed question, (2) it must resolve an important or serious and unsettled question, (3) which is completely separable from and collateral to the merits of the parties' litigations, and (4) if not appealed as a collateral matter, the district court's determination must be practically unreviewable. *Rives v. Franklin Life Insurance Co.*, 792 F.2d 1324, 1327 (5th Cir.1986). The final criterion is not met here. Rule 11 sanctions can be and routinely are appealed when merged in the district court's final judgment.

Because the extent of Rule 11 sanctions is committed to the sound discretion of the district court and because a kaleidoscopic variety of circumstances may lead to the imposition of such sanctions, a general rule rendering them final appealable orders would be unworkable in practice, unwise from a policy standpoint, and would interfere with the effective resolution of lawsuits. There is, moreover, no obvious reason to differentiate sanctions imposed under Rule 11 from the sanctions that the district court may enter pursuant to Fed.R. Civ.P. 37 or 28 U.S.C. § 1927. Invocation of either of these rules does not, absent the entry of a dispositive order terminating the litigation, render such orders final for the purposes of 28 U.S.C. § 1291.

The appeal is DISMISSED.