**John T. SCHAFFER, Jr.,
Plaintiff–Appellant,**

v.

**IRON CLOUD, INC., and Boston Old
Colony Insurance Co.,
Defendants–Appellees.**

No. 87–3876.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1989.

James A. Wysocki, New Orleans, La., for plaintiff-appellant.

Lawrence E. Abbott, T. Patrick Baynham, New Orleans, La., for Iron Cloud, Inc.

James A. Cobb, Jr., New Orleans, La., for Boston Old Colony Ins. Co.

Before WISDOM, GARWOOD, and DAVIS, Circuit Judges:

PER CURIAM:

In this seaman's action, plaintiff appeals a district court order enforcing the immediate payment of sanctions. Appellees moved to dismiss the appeal for lack of jurisdiction. Based on our conclusion that this sanction order is not appealable before entry of final judgment, we grant the motion to dismiss.

When plaintiff failed to comply with a magistrate's order compelling plaintiff to submit to an independent medical examination, the defendants moved to enforce the order and for sanctions pursuant to Fed.R. Civ.P. 37. After a hearing, the magistrate found that plaintiff had not complied with the order and awarded sanctions, later fixed at $905.80, representing attorney's fees and expenses incurred by defendants. Plaintiff moved for review of the sanctions order and also for a stay of the enforcement order. The district court stayed the sanctions order "until thirty (30) days after the pending appeal becomes final." Thereafter, the district court denied plaintiff's motion to review the sanctions order, stating that the motion for review had previously been ruled upon. The defendants then moved to enforce payment of the sanctions, which the district court granted.

■ Although appellant acknowledges in his brief that the district court's order enforcing sanctions is not final, he nevertheless seeks review because "[t]he district court entered an order that [holds], in effect, that the sanctions order [is] a 'final' order." Appellant reasons that an order which requires immediate payment of sanctions is inconsistent with Fifth Circuit authority holding that sanctions orders are not appealable until after entry of final judgment. *See Click v. Abilene National Bank,* 822 F.2d 544, 545 (5th Cir.1987). Thus, appellant argues that, under *Click,* the district court had no authority to require payment of the sanctions before it entered the final judgment.

■ We reject appellant's argument. In *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 882–83 and n. 23 (5th Cir. 1988) (en banc), this court held that the district courts have broad authority to impose monetary sanctions prior to the entry of final judgment. The only relevant limitation to the district court's authority in this respect occurs when the imposition of sanctions significantly impedes a litigant's access to the courts. *Id.* If a litigant contends that payment of the award would render him financially unable to proceed with his case, the district court must hold a prompt hearing and make express written findings on this issue. *Id.* Appellant in the present case makes no such contention.

Because appellant incorrectly concludes that a sanctions order is not enforceable until after entry of final judgment, it is no surprise that he is confused by the district court's seemingly inconsistent rulings staying the magistrate's order requiring payment until it was "final" and then ordering enforcement of the order. The magistrate's order became "final" when the district court denied appellant's motion for review. Thirty days after the district court denied plaintiff's motion for review, the stay order expired and defendants moved to enforce payment of the sanctions. The district court's action in granting this motion was not inconsistent with its previous ruling.

■ Through somewhat circuitous reasoning, appellant now raises the issue whether a sanctions order requiring immediate payment is appealable prior to the entry of final judgment. In *Click,* this court held that orders awarding sanctions before the entry of a dispositive order terminating the litigation are not appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because they "can be and routinely

are appealed when merged in the district court's final judgment." 822 F.2d at 545. We stated, "[b]ecause the extent of Rule 11 sanctions is committed to the sound discretion of the district court and because a kaleidoscopic variety of circumstances may lead to the imposition of such sanctions, a general rule rendering them final appealable orders would be unworkable in practice, unwise from a policy standpoint, and would interfere with the effective resolution of lawsuits." *Id.*

*Click* does not indicate whether the order imposing sanctions in that case required immediate payment, and this court has not determined whether such orders are final for purposes of appeal.

We are not today faced with an appeal of a sanctions order which has the effect of impeding plaintiff's access to the courts. Appellant has advanced no reason why this order should be appealable under *Cohen* or any other authority, and we see none. We need not decide whether there can ever be an exception to the holding in *Click* so that such an interlocutory order could be appealed.[1] We hold only that this case does not present such an exception and that an order imposing sanctions does not automatically become an appealable order simply because it requires immediate payment.

Because the district court entered no appealable order in this case, the appellees' motion to dismiss the appeal is GRANTED.

Appellees' motion for imposition of sanctions pursuant to Fed.R.App.P. 38 is DENIED.

APPEAL DISMISSED.

---

1. See *Ortho Pharmaceutical Corp. v. Sona Distributors,* 847 F.2d 1512, 1516–17 and n. 2 (11th Cir.1988); *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 556 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987).