Dick Robert MARKWELL, Plaintiff,

v.

COUNTY OF BEXAR, et al.,
Defendants.

Appeal of J. Michael MYERS.

No. 88–5623.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1989.

Robert P. Stecher, San Antonio, Tex., for appellant.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

J. Michael Myers, attorney for defendant William Stanley, Bexar County Deputy Sheriff, appeals from an order of the district court imposing monetary sanctions against him under Rule 11 of the Federal Rules of Civil Procedure, and permanently enjoining him from charging his client for any time he expended in filing two motions. We affirm.

## I

The name plaintiff, Dick Robert Markwell, brought suit against Deputy Sheriff Stanley and other Bexar County, Texas, officials in May 1988, alleging that he had been detained and arrested without probable cause, and that excessive force had been used in arresting him. Attorney James Heidelberg represented Markwell in the lawsuit. Myers represented all the defendants until June 13, 1988, after which time he represented only Stanley.

An announcement was made in June 1987 that Bexar County Commissioner John A. Longoria would be joining the law firm in which Heidelberg was a partner. Soon after, Myers wrote to Heidelberg, asking him to withdraw voluntarily from participation in the case for conflict of interest reasons. There appears to have been no response, and on October 22, 1987, Myers filed a Motion to Disqualify Heidelberg and his firm. Heidelberg responded to the motion; Myers replied, and then filed a Supplemental Motion to Disqualify.

On May 27, 1988, the court granted Myers' motion, disqualifying Heidelberg and his firm from representing Markwell "unless and until" the conflict of interest was resolved. The court ordered Markwell to retain new counsel within thirty days of the order's entry. Later, at a status conference on June 6, 1988, the court modified the order to give Markwell until thirty days from June 6, 1988 to obtain an attorney. The parties disagree over whether it was established at that conference that if the plaintiff failed to locate counsel during that period he would be allowed an additional thirty days, or that a formal motion would be required to obtain a further extension. The case was reassigned to another judge on June 20, 1988.

On June 26, Myers attempted to initiate a settlement directly with Markwell. This commenced another flurry of communications between the parties, with Heidelberg writing to Myers, telling Myers he should not contact Markwell directly because Heidelberg was still representing him, and Myers responding that he had believed that Markwell was unrepresented, because Heidelberg had been disqualified. Both parties contacted the court.

On July 12, 1988, Myers filed on Stanley's behalf a Motion to Dismiss for Want of Prosecution pursuant to Fed.R.Civ.P. 41(b). The other defendants adopted the motion without any additional briefing. Heidelberg then informed the court that his firm had had no success in finding new counsel for Markwell. On July 28 Heidelberg moved for an extension of time in which to respond to Myers' Motion to Dismiss, and notified the court that he had associated another attorney as co-counsel who could act as sole counsel in the event Heidelberg was unable to reenter the case. Myers then, on August 3, 1988, filed a Motion to Strike Plaintiff's Motion for Extension of Time.

The court denied Stanley's Motion to Dismiss for Want of Prosecution and Motion to Strike Plaintiff's Motion for Extension of Time on August 10, 1988. *Sua sponte*, the court imposed on Myers a fine of $1,000 in Rule 11 sanctions for filing the two motions, and ordered that Myers not charge his client for any time spent in filing them. The district court judge noted that he had sanctioned Myers on four separate occasions in 1987 for his inappropriate pleading tactics during pretrial procedure, and in 1986 another judge had warned Myers that his "shotgun approach to pleading" was treading close to forbidden Rule 11 territory.

The conflict of interest was eventually resolved by Longoria's departure from Heidelberg's firm in September 1988.

On appeal, Myers argues first, that this court has jurisdiction over his appeal under the collateral order doctrine, notwithstanding seemingly contrary Fifth Circuit precedent, and second, that the imposition of Rule 11 sanctions against him was both a violation of due process and an abuse of discretion.

## II

In *Click v. Abilene National Bank*, 822 F.2d 544 (5th Cir.1987), this circuit held that an interlocutory order imposing Rule 11 sanctions against a party's attorney was not immediately appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because the sanctions order was not otherwise unreviewable. The panel noted that Rule 11 sanctions "can be and routinely are appealed when merged in the district court's final judgment." 822 F.2d at 545.

█ For an order to be appealable under the collateral order doctrine (1) it must conclusively determine the disputed question, (2) it must resolve an important or serious and unsettled question, (3) which is completely separable from and collateral to the merits of the parties' litigations, and (4) if not appealed as a collateral matter, the district court's determination must be practically unreviewable. *Click*, 822 F.2d at 545. Myers insists that his withdrawal from representation of any of the Bexar County defendants renders his case distinguishable from that of the appellant in *Click*.

The Third Circuit addressed precisely this same issue in *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir.1985). In that case, the court considered whether it had appellate jurisdiction over an order of a district court imposing a monetary sanction against an attorney under Rule 11, where the attorney had withdrawn his appearance in favor of substituted counsel, and the district court had not yet entered a final judgment in the underlying action. The Third Circuit held that the district court's order was appealable as a collateral order under *Cohen* and its progeny because the attorney was no longer connected with the merits of the case, and had an immediate interest in challenging the sanction which interest was not shared by the parties to the suit or by counsel to a party, and because it was possible that the sanctions order would be effectively unreviewable on appeal from a final judgment in the litigation.

█ Although we stated in *Click* that a general rule rendering Rule 11 sanctions final appealable orders would be "unworkable in practice, unwise from a policy standpoint, and [an interference] with the effective resolution of lawsuits," we believe that where an order assesses sanctions against an attorney who has withdrawn from representation at the time of the appeal, and immediate appeal of the sanctions order will not impede the progress of the underlying litigation, an exception to the general policy set out in *Click* is warranted. Therefore, for the same reasons so well stated in *Eavenson, Auchmuty & Greenwald*, we hold that as a preliminary matter we have appellate jurisdiction over Myers' appeal under the collateral order doctrine. *See id.* at 538–40.

## III

### A.

We turn now to the merits of Myers' appeal. Myers first argues that Rule 11 was not violated by his signing of the defendants' Motion to Dismiss for Want of Prosecution, and Motion to Strike Plaintiff's Motion for Extension of Time. He submits that the language of Rule 41(b) of the Federal Rules of Civil Procedure, governing involuntary dismissals, supports his motion to dismiss because the plaintiff failed to comply with the court's June 6, 1988 order by failing to obtain new counsel and Heidelberg failed to comply with the order by not ceasing to represent Markwell. Further, Myers maintains that his motion to strike is reasonably based because Markwell's Motion for Extension of Time was filed by Heidelberg, who had been disqualified from Markwell's representation.

■ The district court found "no question that this case does not even approach the requisite factual circumstances necessary to warrant a Rule 41(b) dismissal in the Fifth Circuit." We agree. "A dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the 'plaintiff's conduct has threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits,'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir.1988), (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982)). This circuit is reluctant to visit such a harsh sanction upon a party solely because of the sins of his counsel. *McNeal*, 842 F.2d at 790. In close cases we therefore particularly examine the record for proof of aggravating factors: (1) that the plaintiff personally contributed to the delay, (2) that the defendant was prejudiced as a result of the delay, or (3) that the delay was intentional on the plaintiff's part. *Id.*

■ There is little or no evidence in the record that Markwell himself was responsible for any delay in the prosecution of the case. Markwell hired Heidelberg's firm to represent him, and filed his first complaint in September 1985. It was not until May 1, 1987, that Longoria joined Heidelberg's law firm. In October 1987, Myers first moved to disqualify Heidelberg's firm from the action to avoid the appearance of impropriety. Although Markwell could have sought replacement counsel for Heidelberg, it was never apparent that he was obliged to do so on his own. Heidelberg, representing Markwell, at all times argued that Longoria could be and had been screened from any participation in the matter, and the court itself left open the possibility that Heidelberg could reenter the case should the conflict be resolved. At the June 6 hearing, the presiding judge made the following order:

All pending motions will be stayed until such time as the plaintiff has obtained counsel. Now, Mr Heidelberg, you do have, or your client has 30 days to get counsel. But if he is unable to obtain counsel I will entertain a motion to extend. But I am not going to entertain a second motion. After 60 days I am going to proceed to consider the motions that are pending.

. . . .

You are to report to me within those 30 days as to the disposition of your client's attempts to get counsel. . . . I would hope [the conflict could be resolved] if at all possible. . . . Gentlemen, you proceed outside and try to resolve any of these matters, if you can, right now. All pending motions are stayed. If in fact you can resolve your differences you are to let me know. I believe in that situation, Mr. Heidelberg, I will entertain some type of motion from you to re-enter the case, if in fact there can be an applicable agreement among the parties. I presume that is not a conflict. I may be wrong. It is stayed for thirty days subject to an additional 30 days. After that we will hear the motions. Irrespective of whether the plaintiff obtains an attorney or not we will proceed to trial in this case one way or the other.

Markwell and Heidelberg acted in accordance with the district court's order. On June 30, 1988, Heidelberg informed the court by letter that substitute counsel had not yet been located, and efforts were still being undertaken to eliminate the conflict. At the time Myers filed his motion to dismiss under Rule 41(b), July 12, 1988, the sixty-day period allowed by the court for the resolution of the problem had not yet run. In short, there is nothing in the record that will tag Markwell with responsibility for delay in the prosecution of this case.

Further, there is no evidence that the defendant was prejudiced by the delay, or that such delay as may have resulted was intentional on the plaintiff's part. On the contrary, Markwell's response to Myers' motion to disqualify suggests that Myers' motion was itself an untimely filing, used as a tool for harassment. Almost a year earlier, on August 12, 1987, the magistrate assigned to the case had issued an order certifying the case for trial. Myers filed objections to that order soon after, and in October, moved to disqualify Heidelberg's

firm, though Myers had had actual knowledge of Longoria's association with Heidelberg's firm since late May, four months before the motion to disqualify was filed. Even if Myers' motion to disqualify was not originally born of intent to delay, the district court could have reasonably inferred that his later motions and communications were. At any rate, we do not find record evidence of any of the aggravating factors listed in *McNeal* that would support Myers' motion to dismiss under Rule 41(b).

It is true that Heidelberg and his firm persisted in trying to represent Markwell though they had not rid themselves of the possible conflict of interest. Nevertheless, an effort to cause the dismissal of the plaintiff's case because of the fault of his attorney was hardly an appropriate method of calling this particular lawyer-offense to the attention of the court. If Myers had conducted a minimum of research, he would have been well aware from this circuit's precedent that the extraordinary relief he sought—the dismissal of Markwell's case—was unwarranted under the circumstances. As to the Motion to Strike Plaintiff's Motion for Extension of Time, it served no real purpose other than to continue the spat with Heidelberg. The district court justifiably concluded that enough was enough and that this was too much. He therefore sought to bring this unprofessional scrap to an end by imposing a sanction for these harassing pleadings. Accordingly, we find no abuse of discretion in the district court's decision to sanction Myers on the basis of these motions.

### B.

■ Myers' second argument is that the district court, in imposing the sanctions order, deprived him of due process. He complains that the order relied in part upon the court's imposition of sanctions against him in other cases, which sanctions were not yet final, and that he should have been afforded a hearing.

Although under some circumstances Myers' argument might be well taken, in this case due process requirements have been satisfied. Immediately before Myers filed the Motion to Dismiss for Want of Prosecution, and the Motion to Strike, the case was reassigned to a judge familiar from previous cases with Myers' manner of conducting pretrial proceedings. The disqualification debate was not a complicated one, and both parties made their positions clear in numerous letters to the court and between the parties, all of which are in the record. As we have earlier noted, there was no basis as a matter of law for the motion to dismiss the complaint for failure to prosecute. Furthermore, given the background of this long-running dispute, the judge was justified in considering the filing of the Motion to Strike a Motion for Extension of Time as harassing and unprofessional conduct in his court. Under these circumstances, no separate hearing on the question of the appropriateness of sanctions was required in order to accord Myers due process.

Nor was the district court's particular selection of sanctions an abuse of discretion. In *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc), we noted that a district court is vested with considerable discretion in determining the appropriate sanction to impose upon a party violating Rule 11. 836 F.2d at 877. The court's imposition of $1,000 in sanctions was reasonable in view of the fact that previous sanctions totalling $400 in other cases obviously had not succeeded in deterring Myers from filing inappropriate pleadings in the instant case. Further, we find the district court's decision to enjoin Myers from charging his client for the time he spent in filing the Motion to Dismiss and Motion to Strike a particularly appropriate sanction in this case. *Thomas* states that sanctions should be "educational and rehabilitative in character, and, as such, tailored to the particular wrong." 836 F.2d at 877. This requirement was met.

### IV

For the above reasons, the order of the district court imposing monetary sanctions against Myers under Rule 11, and permanently enjoining him from charging his

client for time spent in filing the two motions forming the basis of the sanctions order, is

AFFIRMED.