# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-60226
Summary Calendar

Bennie Whitehead, et al.,

Plaintiffs,

versus

Food Max of Mississippi, Inc., et al.,

Defendants,

K-Mart Corporation,

Defendant-Appellee,

versus

Paul S. Minor,

Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:95-CV-827-WS)

December 29, 1999

Before JOLLY, JONES, SMITH, Circuit Judges.

PER CURIAM:[*]

This is an appeal from an order of sanctions entered against appellant Minor under Fed.R.Civ.P. 11. Appellant is plaintiffs' counsel in an underlying negligence action against defendant-appellee Kmart. When the district court entered a final judgment in plaintiffs' favor, appellant sought a Writ of Execution and Fieri Facias to enforce the judgment. The district court determined that appellant had pursued the Writ prematurely in order

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to embarrass and harass Kmart, and it assessed as sanctions the attorneys' fees Kmart incurred in opposing the premature execution of judgment. Concluding that this appeal is likewise premature, we dismiss.

This Court has jurisdiction over final decisions of district courts. 28 U.S.C. § 1291. However, the Supreme Court has recently held that an order of sanctions pursuant to the Federal Rules of Civil Procedure is not a "final decision" under § 1291. See Cunningham v. Hamilton County, Ohio, 119 S.Ct. 1915, 1923 (1999) (holding that a sanctions order imposed under Fed.R.Civ.P. 37(a)(4) is not a final decision under § 1291). This ruling buttresses the general rule in the Fifth Circuit that an attorney must await the end of litigation in the district court to appeal a sanctions award. See Click v. Abiline National Bank, 822 F.2d 544 (5th Cir. 1987) (dismissing an appeal of a sanctions award because it was not "final" under § 1291).

The underlying litigation here, Whitehead v. Food Max of Mississippi, Inc., is on remand to the district court. The district court rendered judgment on the jury verdict on September 3, 1999, but defendant Kmart filed a Motion for New Trial, or in the Alternative, for Remittur on September 15, 1999. Because the district court has yet to dispose of this motion, the litigation is not "final" for purposes of § 1291. As a result, the district court's sanctions order is not now appealable.

Appellant contends, however, that the sanctions order is appealable under the collateral order doctrine. This argument,

however, has been foreclosed by <u>Cunningham</u>, 119 S.Ct. at 1920-21 (rejecting the claim that a Rule 37 sanction should be reviewable under the collateral order doctrine and rejecting a case-by-case approach to deciding whether an order is sufficiently collateral). That the Supreme Court's decision involved Fed.R.Civ.P. 37 rather than Rule 11 does not lessen the weight of its command. <u>See</u> <u>Click</u>, 822 F.2d at 545 ("There is [] no obvious reason to differentiate sanctions imposed under Rule 11 from the sanctions that the district court may enter pursuant to Fed.R.Civ.P. 37").

For the foregoing reasons, this Court finds that the district court's Rule 11 sanctions order is not final under § 1291. Moreover, there is no basis for mandamus relief here. Because the district court has not yet rendered a final judgment, this appeal is **<u>DISMISSED</u>**.