IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30647
Conference Calendar
_____

JOSEPH JOHNSON; WARDELL QUEZERGUE,

Plaintiffs-Appellees,

versus

TUFF N RUMBLE MANAGEMENT, INC., Etc; ET AL.,

Defendants,

JOE JONES, JR., doing business as Melder Publishing,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1374-R
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

After Joe Jones, Jr., filed a notice of appeal from the district court's order granting the plaintiff-appellees' motion for summary judgment and imposing sanctions against him pursuant to Fed. R. Civ. P. 11, the clerk of this court ordered the parties to brief the issue whether this court had jurisdiction over the appeal. Jones has not done so.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under 28 U.S.C. § 1291, federal appellate courts have jurisdiction over appeals from final orders and "a small class of orders, which finally determine issues separate from the merits of the case, which have been deemed appealable as collateral orders." See Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955, 957 (5th Cir. 1988). The district court's summary-judgment determination that Jones did not own a copyright interest does not conclusively determine the copyright-infringement claim and thus does not fall under the collateral-order doctrine. See Matter of Aucoin, 35 F.3d 167, 170 (5th Cir. 1994); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). The court's order awarding Rule 11 sanctions is not final under § 1291 and is not appealable pursuant to the collateral-order doctrine. Click v. Abilene Nat'l Bank, 822 F.2d 544, 545 (5th Cir. 1987). Accordingly, the appeal is DISMISSED for lack of jurisdiction. See Fed. R. App. P. 34(a)(2). All outstanding motions are DENIED. In addition, we IMPOSE a $500 sanction against Jones for filing this frivolous appeal and for the contumacious language in his appellate filings.