IN RE: Gary P. ELIOPOULOS, Debtor.

Case No. 11–19665–EPK

United States Bankruptcy Court, S.D. Florida, **Fort Lauderdale Division.**

Signed November 2, 2015

---

76. *Id.* at p. 60, l. 10—p. 69, l. 3.

77. *Id.* at p. 34, l. 10—p. 39, l. 23.

78. *Id.* at p. 60, l. 10—p. 69, l. 3.

See also 2013 WL 3941380.

492

Patrick R. Dorsey, Boca Raton, FL, for Debtor.

*ORDER DETERMINING SANCTIONS AMOUNT AGAINST PAH CO., L. LOUIS MRACHEK, AND THE LAW FIRM OF MRACHEK, FITZGER-ALD, ROSE, KONOPKA, THOMAS & WEISS, P.A., AND DIRECTING PAYMENT*

John K. Olson, Judge, United States Bankruptcy Court

The Debtor sought the award of sanctions against PAH Co. ("PAH")., L. Louis Mrachek, and Mrachek's law firm, Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A. (collectively, "Mrachek") by Motions [ECF 264 and 287] (the "Sanctions Motions"). By Order (the "Sanctions Order") [ECF 392] entered July 27, 2015, this Court awarded sanctions "in amounts to be determined in a subsequent Order." [ECF 392 at 8]. The Court directed the Debtor and his counsel, Shraiberg, Ferrara & Landau, P.A. ("SFL") to file a detailed accounting and authorized PAH and Mrachek to respond.

The Court has carefully reviewed the Accounting of Monetary Sanctions Requested by Debtor and SFL (the "Accounting") [ECF 395], the Response filed by Mrachek (the "Mrachek Response") [ECF 399], the Response filed by PAH (the "PAH Response") [ECF 400], and the Omnibus Reply filed by the Debtor (the "Omnibus Reply") [ECF 404].

The Court has already determined in the Sanctions Order that monetary sanctions are appropriate to award against PAH and Mrachek, and no further discussion of the propriety of such an award is warranted. The objections on the merits to the award of fees and costs as set forth in the Mrachek Response and the PAH Response are rejected for the reasons set forth in the Sanctions Order.

The Accounting seeks an award of $148,943 in attorneys' fees and $4,427.95 in costs incurred in connection with litigation over the Motion to Disqualify [ECF 213] filed by PAH on September 3, 2014 (the "Disqualification Fees"). In addition, the Accounting seeks an award of $5,230 in attorneys' fees and $781.25 in costs incurred in connection with the April 2015 mediation between the parties (the "Mediation Fees"). Finally, the Accounting seeks additional sanctions for attorneys' fees of $14,575 and $16 in costs charged by Les S. Osborne and Rappaport, Osborne, Rappaport & Kiem, P.A. (collectively, "Osborne"), in connection with their representation of SFL associate Eric Pendergraft in the litigation (the "Osborne Fees").

The Mrachek Response and the PAH Response object to various categories of attorneys' fees sought in the Accounting. Those objections will be discussed in the order set forth in the Mrachek Response.

■ 1. **Fees and costs incurred prior to October 29, 2014.** Mrachek filed a notice of appearance in the case [ECF 262] on October 23, 2014. The Mrachek Response argues that no fees should be assessed for periods prior to the notice of appearance "and for some reasonable period after that Notice of Appearance in order to review Halmos' deposition transcript." That deposition was taken October 6, 2014, and the transcript [ECF 241] was filed October 8, 2014. The Mrachek Response states that Mrachek "did not have a reasonable time to review the deposition" prior to the filing of the notice of appearance.

The Debtor and SFL appear to concede in the Omnibus Response [ECF 404 at page 6] that Mrachek should not be responsible for fees incurred prior to the filing of the Mrachek notice of appearance on October 23, 2014, and the Court agrees.

The notion that Mrachek did not have a reasonable time to review the Halmos[1] deposition transcript prior to filing the notice of appearance is ridiculous. Mrachek was hired to prosecute the Motion to Disqualify and it is inconceivable that a lawyer of Mrachek's experience would fail to review that transcript before undertaking the PAH representation. Mrachek is responsible for the fees incurred from and after October 23, 2014, but not before. Accordingly, the fees and costs sought in the Accounting will be reduced as to Mrachek (but not as to PAH) by $47,528.30, representing those fees and costs incurred prior to October 23, 2014.

■ **2. Osborne Fees.** Mrachek and PAH object to the fees billed by Osborne for his representation of Pendergraft. The retention of separate counsel to represent Pendergraft in connection with the Motion to Disqualify was necessary, proper, and entirely foreseeable. The Mrachek and PAH objections to those fees are overruled.

■ **3. Mediation.** The Accounting seeks $6,011.25 in costs and fees, representing half of the fees and costs incurred by SFL in connection with the aborted April 2015 mediation between the parties. The Debtor filed his Motion to Compel Mediation [ECF 194] on July 22, 2014. Mrachek and PAH object to these fees and costs on the basis that although the mediation occurred while the Sanctions Motions were pending, the mediation itself was sought by the Debtor and involved a pending adversary proceeding brought by PAH; an objection to PAH's claim; and a motion to convert the case. The Debtor responds that the Motion to Disqualify and

the Sanctions Motions were matters which were necessary parts of the mediation.

On balance, the Court concludes that Mrachek and PAH have the better argument. The Court will disallow the $6,011.25 sought in fees and costs.

■ **4. Unnecessary time.** The Mrachek Response states the following on this point:

SFL claims to have incurred 3.2 hours and $1,050 in outlining Halmos's October 6, 2014 deposition That deposition contained 97 pages, but only 38 pages related to the Sanctions Motions. That is about 40%. Thus, a fair apportionment of the fees is $420.00.

This argument is both petty and frivolous. It is frankly remarkable that the *only* time entries to which Mrachek takes exception aggregate some $600[2] of time on a bill of over $150,000. In the overall scheme of things, this piddling objection is not really worthy of note. And it is silly: how on earth can the task of outlining a deposition—essential for trial preparation on the Motion to Disqualify—be apportioned on the basis of how many deposition pages related to the Sanctions Motions? Every competent lawyer knows that when a deposition transcript bears on issues to be litigated, it is essential that the entire deposition be outlined.

Curiously, the PAH Response, prepared and signed by Mrachek, does not object to "unnecessary time" on this point. The PAH Response asserts:

PAH Co. should not be responsible for any fees that were not reasonable and necessary to defend the Motion for Disqualification. For example, there are time entries regarding researching the

---

1. Peter A. Halmos is the principal of PAH Co.

2. Although the text of the Mrachek Response objects to what it asserts were $1,050 in time entries, Exhibit A to the Mrachek Response

marks exactly 3 time entries on November 13 and 14, 2014 as objectionable. These entries aggregate $1,020 in fees, not $1,050.

screening of Pendergraft. That research should have been done when Pendergraft was hired, not as part of the Motion for Disqualification. Further, research was done on sealing the record which pertained to the depositions rather than the Motion.

Of course, when SFL hired Pendergraft, it had no way of knowing that PAH would frivolously contend months later that its hiring of Pendergraft created a conflict of interest allegedly requiring disqualification. The Court has previously found that PAH's conflict of interest claims have no basis in fact. In any event, PAH does not point to any time entry as objectionable.[3]

The Court finds that the time incurred to which the Mrachek and PAH Responses object as "unnecessary" was, in each instance, necessary. The deposition outlining and document sealing research were necessary trial preparation in connection with the Motion to Disqualify. Questions relating to the screening of Pendergraft were likewise required to be addressed in connection with the Motion to Disqualify. The objections on the basis of "unnecessary time" are overruled.

■ 5. **Apportionment of fees.** The Mrachek and PAH Responses assert that because the Sanctions Motions were addressed to Jesse Stellato and the David A. Carter law firm in addition to them, that Mrachek and PAH are, severally, only responsible for one-third of the attorneys' fees and costs sought.

All issues relating to Stellato and the Carter firm were put to rest in the Sanctions Order [ECF 392 at page 6]. In sum, as soon as the Halmos deposition was taken and it was clear that the Motion to Disqualify was both without factual foundation and filed for an improper purpose, Carter and Stellato sought immediate withdrawal from representing PAH. Stellato and the Carter firm filed the Motion to Disqualify based upon false information given to them by Halmos, and as soon as the falsity of Halmos's assertions was exposed, they withdrew. But Halmos knew all along that the assertions in the Motion to Disqualify were false. And it is perfectly clear on the record that Halmos was motivated by desire to disrupt the bankruptcy process and to inflict as much expense, delay, and emotional pain on the Debtor and his lawyers as possible.

Mrachek is a very experienced lawyer. A single reading of Halmos's October 6th deposition should have been enough for him to know that the Motion to Disqualify was baseless. The stench emanating from the Motion to Disqualify had driven off the very lawyers who had filed it as soon as that deposition was taken. What did Mrachek do? He prosecuted the Motion to Disqualify with enthusiasm and vigor.

6. **Additional arguments raised by Mrachek and PAH.**

a. **Reliance on advice of counsel.** PAH contends [ECF 400 at page 2] "[a] party cannot be sanctioned for acting on

---

**3.** The Court has carefully read each time entry attached to the Accounting and found a single time entry by Patrick Dorsey on November 14, 2014, for 2.3 hours, $690, for "legal research regarding sealing and confidentiality issues." It is impossible for the Court to determine on the record before it that this entry does not properly relate to the Motion to Disqualify, since it is clear from the totality of the time records that the Motion to Disqualify occupied a significant portion of Dorsey's contemporaneous time. The Accounting asserts that the time involved would not have been incurred "but for the filing of the Motion to Disqualify." [ECF 395 at page 1]. The Omnibus Reply asserts that "[r]eseach regarding screening and document sealing procedures is directly attributable to the disqualification, confidentiality and privilege matters ... and goes to the heart of the Motion to Disqualify." [ECF 404 at pages 7–8].

advice of counsel as to the viability of a motion for disqualification." Sanctions here are not being imposed against PAH because it "act[ed] on advice of counsel" [ECF 400 at page 2]. PAH's sanctionable conduct was in promulgating the factually baseless allegations set forth in the Motion to Disqualify. Halmos knew at all times that the assertions contained in the Motion to Disqualify were untrue. Contrary to PAH's contention, telling the truth *is* "within the realm or expertise of a lay person." [ECF 400 at page 2]. And Halmos knew at all times that the prosecution of the Motion to Disqualify was motivated by multiple improper purposes, including personal vendetta, delay and the needless increase in litigation expense.

**b. The inclusion of confidential information in a disqualification motion does not waive privilege.** PAH contends [ECF 400 at page 2] that "[t]here is no support for the legal authority that when one files a disqualification motion, if it gives some of the particulars of the confidential information conveyed, one waives the disqualification." Perhaps so, under some circumstances, but the argument is a straw man: the supposedly-confidential information which Halmos conveyed to Pendergraft was, in fact, not confidential at all.

**c. Delay in the case was caused by the Court, not by the filing and prosecution of the Motion to Disqualify.** Both PAH [ECF 400 at pages 5–6] and Mrachek [ECF 399 at page 3] argue that delay in the case following the filing of the Motion to Disqualify was caused by the Court, not by them. This sanctimonious argument by PAH and Mrachek that it wasn't *they* who caused delay, it was Judge Kimball, is pure applesauce.[4] The Motion to Disqualify had the effect of precluding any action in the case until it was resolved, since SFL could not proceed in its representation of the Debtor until the disqualification issue was resolved, and therefore the case could not advance until the Motion to Disqualify was determined. That fact was, or should have been, obvious to all.

■ **d. Both Pendergraft and SFL violated the Rules Regulating The Florida Bar, and that's reason enough by itself to preclude sanctions.** Both the Mrachek Response [ECF 399 at page 3] and the PAH Response [ECF 400 at page 3] recite as follows:

5. The record is clear that both Pendergraft and SFL violated the Rules Regulating the [sic] Florida Bar and specifically Rule 4–1.18. Although the Court excused these violations because of the inexperience of the lawyers involved, the fact that the rule was violated alone is more than enough reason to preclude a sanctions award.

This Court did not find after trial that either Pendergraft or SFL had violated Rule 4–1.18 of the Rules Regulating The Florida Bar. Rule 4–1.18 requires a lawyer to maintain the confidentiality of information provided by a prospective client (which was the relationship between Halmos and Pendergraft at the time of their telephone conversations) and precludes representation materially adverse to the former prospective client if the lawyer received information which "could be used to the disadvantage" of that former prospective client. The information provided by Halmos to Pendergraft was not confidential and it could not be used to the disadvantage of Halmos or PAH. Mrachek indeed argued at trial that Rule 4–1.18 had been violated by Pendergraft, but the

---

**4.** *King v. Burwell,* —— U.S. ——, 135 S.Ct. 2480, 2501, 192 L.Ed.2d 483 (2015) (Scalia, J. in dissent)

Court rejected that argument then and rejects it now. Rule 4–1.18 was not violated.

The Court similarly did not "forgive" anyone for a Rule violation. Mrachek's and PAH's *ipse dixit* statements to the contrary are legalistic casuistry. There was no violation of Rule 4–1.18, so there was no violation to "forgive." The transcript [ECF 328] of the December 18, 2014 hearing contains, at pages 217—220, the Court's conclusions with respect to the behavior of two young lawyers, Pendergraft and Stellato. Both could have handled things better, and their experiences in this case have no doubt had an annealing effect which will make them better lawyers. Forty years as a lawyer and judge have taught this Court that good judgment comes from experience, and experience comes from bad judgment. But to be clear: Pendergraft and SFL did not violate the Rules Regulating The Florida Bar and Stellato did not violate Bankruptcy Rule 9011. Mrachek's and PAH's continued assertions of rule violations are false and meanspirited.

■ **e. Mrachek's and PAH's assertions that no sanctions are appropriate, and especially not monetary sanctions.** Mrachek and PAH assert that monetary sanctions are not appropriate in this case. The Court concludes otherwise.

The Court has carefully considered whether other forms of sanction would be more appropriate and would serve to deter other, similar bad behavior by Mrachek, PAH, or others in similar circumstances. It is of course troublesome that PAH and Mrachek both argue that the Court should consider "whether the alleged improper conduct was part of a pattern of activity or an isolated event" in light of the fact that Mrachek objected to the Court considering the behavior of Halmos in other litigation, contending that the

Court should not consider any prior litigation behavior in determining whether sanctions were appropriate in this case. *See* Transcript of February 26, 2015 hearing [ECF 367 at page 49, ll. 3–23]. Mrachek suggests [ECF 399 at page 7] that alternative sanctions measures—"such as issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; and referring the matter to appropriate disciplinary authorities"—should be imposed instead of monetary sanctions. Even assuming *arguendo* that some one or more of these alternatives might have some effect on Mrachek, it is unclear how any of them would have any effect whatever on Halmos and PAH.

Perhaps the most significant element in this Court's determination that alternative sanctions would be ineffective and are unwarranted in this case is the complete lack of recognition by Mrachek and PAH that either of them did anything wrong. There is no whiff of regret; no hint of contrition; no acknowledgement that any of what they did in pursuing the Motion to Disqualify was wrong; no concession even that maybe, perhaps, they went a little overboard. Rather, the Mrachek Response and the PAH Response boldly assert that they did nothing wrong and that no sanction is warranted, thereby demonstrating that they have learned nothing from this entire unpleasant episode. Mrachek and PAH continue even now to assert the righteousness of their actions. The Court cannot overlook the vindictive and meanspirited way in which the Motion to Disqualify was filed and prosecuted. Mrachek and Halmos have behaved throughout this proceeding as arrogant and overbearing bullies, and the Mrachek Response and the PAH Response manifest that same pharisaical attitude and behavior. Confronted with that reality, the Court concludes that

a slap on the wrist would have no deterrent effect. With regret, the Court concludes that significant monetary sanctions[5] are, unfortunately, the only way to get Mrachek's and PAH's attention and to deter similar future conduct by them or others.

The Sanctions Order found that both PAH and Mrachek were liable for sanctions under Bankruptcy Rule 9011(c). PAH is responsible for the totality of the sanctions to be imposed, and Mrachek is responsible for the totality of sanctions resulting from attorneys' fees and costs which were incurred after Mrachek appeared in the case on October 23, 2014. The propriety of a joint and several sanctions award against a party and its counsel is well established in this circuit. *See, e.g., Ortho Pharmaceutical Corp. v. Sona Distributors*, 847 F.2d 1512 (11th Cir.1988).

Based upon the foregoing, monetary sanctions are hereby assessed against PAH Co. in the amount of $47,528.30, representing the attorneys' fees and costs incurred by the Debtor prior to October 23, 2014. Additional monetary sanctions are hereby assessed against PAH Co., L. Louis Mrachek, and the law firm of Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., jointly and severally, in the amount of $120,433.65, representing the attorneys' fees and costs incurred by the Debtor from and after October 23, 2014.

Accordingly, it is hereby **ORDERED:**

1. **PAH Co.** is hereby **DIRECTED** to pay to Shraiberg, Ferrara & Landau, P.A., the amount of $167,961.95 as a sanction for its violation of Federal Rule of Bankruptcy Procedure 9011(c). Such payment is **DIRECTED** to be paid within **14 days** of the date of entry of this Order.

2. **L. Louis Mrachek** is hereby **DIRECTED** to pay to Shraiberg, Ferrara & Landau, P.A., the amount of $120,433.65 as a sanction for its violation of Federal Rule of Bankruptcy Procedure 9011(c). Such payment is **DIRECTED** to be paid within **14 days** of the date of entry of this Order.

3. **Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A.** is hereby **DIRECTED** to pay to Shraiberg, Ferrara & Landau, P.A., the amount of $120,433.65 as a sanction for its violation of Federal Rule of Bankruptcy Procedure 9011(c). Such payment is **DIRECTED** to be paid within **14 days** of the date of entry of this Order.

4. For the removal of all doubt, the aggregate sanctions hereby awarded are in the total amount of **$167,961.95,** and the Debtor and Shraiberg, Ferrara & Landau, P.A., are entitled only to a single satisfaction.

5. Shraiberg, Ferrara & Landau, P.A., may disburse the funds received pursuant to this Order under the terms of its contract with the Debtor.

ORDERED in the Southern District of Florida on November 2, 2015.

---

**5.** There is no suggestion in the Mrachek Response or the PAH Response that either would be unable to pay the sanctions sought in the Accounting.