IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30432

Summary Calendar

_____

JO ANN WILLIAMS, Individually,
on behalf of Willie E. Williams' Estate,

Plaintiff-Appellee,

versus

MIDWEST EMPLOYERS CASUALTY COMPANY,

Defendants.

CAMPBELL E. WALLACE,

Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

March 8, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal of sanctions ordered under Rule 11 and the inherent power of the court. Because the sanctions order is neither a final judgment nor a reviewable collateral order, we dismiss the appeal for lack of jurisdiction.

I

This case arose out of a state law workers' compensation claim. In 1989, Willie Williams brought a claim against Spartech Films for workers' compensation. Spartech Films had an excess indemnity policy issued by Midwest Employers Casualty Company ("Midwest"). In 1991, Spartech's workers' compensation payments to Mr. Williams ceased. Mr. Williams later received a default judgment against Adams Plastics, Inc., from the Louisiana Office of Workers' Compensation. Adams Plastics did not pay the judgment.

In 1997, Mr. Williams brought a direct action against Midwest as the insurer of Adams Plastics to collect his default judgment. Midwest removed to federal court, where it then filed third-party demands against Spartech Films and Adams Plastics, alleging that they failed to comply with the terms of their policies. Mr. Williams died in 1998, and Jo Ann Williams ("Williams") substituted in his place as plaintiff.

On June 7, 1999, Magistrate Judge Karen Hayes mediated a settlement between Williams and Midwest. After hours of negotiation, the parties drafted and signed a "Memorandum of Settlement Agreement" that included arrangements for payments by Midwest to Williams and assignments of rights by Williams to Midwest. Over the next month and a half, revised versions of the settlement agreement passed between the parties as disputes over the meaning of the agreed-to settlement intensified. During this time, Williams did not receive her insurance money from Midwest, even though Louisiana law requires an insurer "to pay a settlement

2

within thirty days after an agreement is reduced to writing,"[1] and even though Wallace, in a letter to the court, had stated that Midwest had tendered the funds to Williams.

On July 28, 1999, Williams filed a motion to enforce settlement and for sanctions. In addition to levying sanctions against Midwest, Magistrate Judge Hayes, citing various misrepresentations made by Wallace to Williams and the court, recommended sanctioning Wallace. The District Court, Judge Robert G. James, ordered Wallace to show cause "why monetary sanctions should not be imposed against him in this case pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or the Court's inherent powers." After briefing, Judge James sanctioned Wallace in the amount of $1,500.

Wallace appealed.

## II

As a general rule, the federal Courts of Appeals have jurisdiction only over appeals from "final decisions of the district courts."[2] A decision is not final unless "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[3] In the case before us, no final judgment has been entered; Midwest's litigation continues.

---

[1] *See* La. Rev. Stat. § 22:1220(A)(2) (2000).

[2] 28 U.S.C. § 1291 (2000).

[3] *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999) (internal quotations omitted).

Nor is the sanctions order itself an appealable final decision. *Click v. Abilene National Bank*[4] held that sanctions orders are not themselves appealable final decisions, nor are they appealable collateral orders.[5]

Two subsequent cases created two exceptions to the rule announced by *Click*: *Markwell v. County of Bexar*[6] held that if the sanctioned attorney has withdrawn from the case, he may appeal; and *Chavez v. M/V Medina Star*[7] held that if the party represented by the sanctioned attorney is no longer party to the case, the attorney may appeal. Neither exception applies here. Wallace continues to represent Midwest. And although Williams (apparently) has settled with Midwest, Midwest still has third-party claims pending against its insureds. We have no jurisdiction over this appeal.

### III

Because we find that neither *Markwell* nor *Chavez* applies here, we need not consider whether those decisions survive the Supreme Court's recent decision in *Cunningham v. Hamilton County*.[8]

---

[4] 822 F.2d 544 (5th Cir. 1987).

[5] *Click* applied this rule to sanctions levied under Rule 11, Rule 37, or 28 U.S.C. § 1927, finding no reason to differentiate between these types of sanctions. *Id.* at 545.

[6] 878 F.2d 899, 901 (5th Cir. 1989).

[7] 47 F.3d 153, 155-56 (5th Cir. 1995).

[8] 527 U.S. 198 (1999).

4

*Cunningham* held that a Rule 37 sanctions order is not an appealable final decision nor an appealable collateral order. *Cunningham* emphasized that the appealability of a sanctions order should not "turn on the attorney's continued participation."[9]  *Cunningham* rejected the notion that an attorney's withdrawal from involvement in a case renders a sanction order against the attorney appealable. It is therefore doubtful that the exceptions to *Click* created by *Markwell* and *Chavez* survive *Cunningham*.[10]

The appeal is DISMISSED.

---

[9] *Id.* at 209.

[10] Although *Cunningham* involved Rule 37, rather than Rule 11, sanctions, *Click* refused to distinguish between types of sanctions. *Click*, 822 F.2d at 545.