**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GERALD F. STANLEY,
             *Petitioner-Appellant,*

JACK LEAVITT,
                         *Appellant,*

FEDERAL PUBLIC DEFENDER,
             *Intervenor-Appellee,*

                   v.

JEANNE WOODFORD,
             *Respondent-Appellee.*

No. 04-16255

D.C. No.
CV-95-01500-
FCD/GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Submitted February 15, 2006*
San Francisco, California

Filed June 7, 2006

Before: Procter Hug, Jr., Arthur L. Alarcón, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Hug

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

**COUNSEL**

Jack Leavitt, Hayward, California, for the appellant.

Mark E. Olive, Tallahassee, Florida, and Tim Schardl, Assistant Federal Defender, Sacramento, California, for the appellee.

**OPINION**

HUG, Circuit Judge:

This is an interlocutory appeal from a sanctions order compelling attorney Jack Leavitt ("Leavitt") to pay attorney's fees

under 28 U.S.C. § 1927 and the district court's inherent pow-
ers. The Magistrate Judge sanctioned Leavitt for violating,
twice and in bad faith, the Magistrate Judge's order barring
further appearances on behalf of a California prisoner in capi-
tal habeas corpus proceedings under 28 U.S.C. § 2254. Dis-
trict Judge Damrell affirmed, and Leavitt immediately
appeals. We are called on to decide whether, after the
Supreme Court's unanimous opinion in *Cunningham v. Ham-
ilton County*, 527 U.S. 198 (1999), this court has appellate
jurisdiction to entertain a prejudgment appeal of an order
imposing sanctions on a non-party attorney, no longer repre-
senting any party in the underlying case, pursuant to 28
U.S.C. § 1927 and the court's inherent powers. We find juris-
diction to be absent and dismiss Leavitt's appeal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2002, Leavitt filed papers seeking to dis-
qualify appointed counsel for capital habeas corpus petitioner
Gerald F. Stanley ("Stanley") and to substitute himself as
counsel of record. This was Leavitt's second attempt to sub-
stitute himself in federal court; the first was denied in 1998.
Multiple similar requests during state habeas proceedings
were denied by the California Supreme Court in 2001.

On October 22, 2002, the Magistrate Judge rejected the
substitution, finding that on July 29, 2002, Stanley had in
writing authorized his counsel to pursue habeas relief by fil-
ing an amended petition. The court found that "petitioner
Stanley has no present credibility on the issue of whether he
authorized the most recent federal amended petition to be
filed." Over a seven-year period, Stanley did "nothing but
change his mind back and forth" regarding his desire to pur-
sue habeas proceedings. The Magistrate Judge concluded that
Stanley "learned from his state trial court proceedings that
expressing conflicting viewpoints on his competency, or in
his instructions to his lawyers, could tie the courts in knots."

The same tactic of repeatedly withdrawing and restating petitions worked in federal court for a time, proving disruptive. Because the Magistrate Judge found Stanley's appointed counsel credible in his statements that Stanley did in fact desire to proceed, the Magistrate Judge ruled that the court would take Stanley's most recent authorization as the final word and entertain no further requests to withdraw the petition. Accordingly, the Magistrate Judge's October 22, 2002 order prohibited Leavitt from entering any further appearances in the case on Stanley's behalf. The Magistrate Judge warned that further filings would result in sanctions. Leavitt moved for reconsideration, which District Judge Damrell denied on November 4, 2002.

Notwithstanding the District Court's order, Leavitt filed two appearances in the case in May and October of 2003. On May 20, 2003, Leavitt wrote a letter to District Judge Damrell in which he identified himself as Stanley's "retained (pro bono) attorney since 1998," and asked for the same relief he had been denied in the October 22 order. Leavitt wrote a second letter to District Judge Damrell on October 23, 2003 requesting recognition as Stanley's attorney and, once again, seeking the relief previously denied. The Magistrate Judge issued an order to show cause why sanctions should not be imposed. Leavitt admitted in his written response to willfully violating the October 22, 2002 order to provoke further litigation over the matters decided therein. Under 28 U.S.C. § 1927 and the court's inherent authority, the Magistrate Judge found Leavitt liable, not for either civil or criminal contempt, but for sanctions in the amount of $10,356.00 — the cost of approximately eighty percent of the hours invested by the Federal Defender in responding to Leavitt's filings.

On May 7, 2004, District Judge Damrell denied reconsideration, refused Leavitt's request for certification of the sanctions order for immediate appeal, and declined to stay the order pending appeal. Notwithstanding the ongoing habeas

proceedings in the district court, Leavitt undertook this immediate appeal.

## II. JURISDICTION

### A.

**[1]** The jurisdiction of this court is ordinarily limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. District Judge Damrell's May 7, 2004 affirmance of sanctions against Leavitt is not a final decision. It "neither ended the litigation nor left the court only to execute its judgment." *Cunningham*, 527 U.S. at 204. However, the Supreme Court has interpreted the term "final decision" in § 1291 to permit jurisdiction over appeals from a small category of collateral orders that do not terminate the litigation. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Historically, we have permitted collateral-order appeal by attorneys ordered to pay fees for unreasonably and vexatiously multiplying proceedings under § 1927. *See, e.g., Kanarek v. Hatch*, 827 F.2d 1389, 1391 (9th Cir. 1987) ("order [under section 1927] compelling a non-party, such as [litigant's attorney], to pay attorneys' fees and costs is a final order reviewable under 28 U.S.C. § 1291").[1] After the Supreme Court's decision in *Cunningham*, the propriety of this practice changed. *Cunningham* effectively overruled earlier Ninth Circuit decisions allowing immediate appeal by attorneys from orders imposing sanctions.

### B.

**[2]** In *Cunningham*, the district court adopted a discovery

---

[1]We have treated interlocutory orders imposing sanctions pursuant to other authorities similarly. *See, e.g., Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 465 (9th Cir. 1995) (holding an order of Rule 37(a) sanctions against an attorney is immediately appealable under § 1291).

sanction recommended by the Magistrate Judge under Rule 37(a) and disqualified counsel because she was a material witness in the case. 527 U.S. at 201. The Supreme Court disallowed the collateral-order appeal. Although the sanctions order was conclusive, Justice Thomas, writing for a unanimous Court, reasoned that "appellate review of a sanctions order [cannot] remain completely separate from the merits." *Id.* at 205. A Rule 37(a) sanctions order will frequently be "inextricably intertwined with the merits of the action." *Id.* In addition, the court reasoned, there is no reason why a sanctioned attorney should be unable to appeal the order imposing sanctions after final resolution of the underlying case. Unlike civil contempt, which is "designed to force the contemnor to comply with an order of the court," a Rule 37(a) sanctions order "lacks any prospective effect and is not designed to compel compliance." *Id.* at 207 (internal quotation omitted). An attorney sanctioned for causing delay or costs to other litigants from inappropriate filings "by and large suffers no inordinate injury from a deferral of appellate consideration of the sanction." *Id.* at 208. "[A]n attorney's continued participation in a case does not affect whether a sanctions order is 'final' for purposes of § 1291" because "the efficiency interests served by limiting immediate appeals far outweigh any nominal monitoring costs borne by attorneys." *Id.* at 209. Moreover, the *Cunningham* Court observed that immediate appeal "would undermine the very purpose of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics. . . ." *Id.* at 208.

## C.

**[3]** There can be no doubt that *Cunningham* overruled cases addressing the immediate appealability of Rule 37(a) sanctions. The Ninth Circuit has yet to apply *Cunningham* to sanctions entered pursuant to § 1927 or the court's inherent authority. However, the policies undergirding Rule 37(a) sanctions are not relevantly different from those justifying sanctions under § 1927 or a court's inherent powers. Indeed,

the Ninth Circuit has already expanded *Cunningham* beyond Rule 37(a).

**[4]** In *Cato v. Fresno City*, 220 F.3d 1073, 1074 (9th Cir. 2000), this court stated that the "reasons underlying *Cunningham*'s bar against immediate appeal from Rule 37(a) sanctions orders apply equally to Rule 16 sanctions orders." *Cato* followed *Cunningham,* holding sanctions imposed under Rule 16(f) to be appealable only after final judgment has been entered, even when the attorney no longer represents any party in the case. *Id.* Similarly, in *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, we interpreted *Cunningham* to bar immediate appeal of an interlocutory order granting attorney's fees as a condition of substituting counsel. 248 F.3d 892, 897 (9th Cir. 2001). We stated that "[a]lthough there are differences between sanctions under Rule 37(a) and substitution of counsel conditioned on payment of fees, the parallel considerations convince us that the *Cunningham* rationale applies here. Like Rule 37(a) sanctions, the present situation invokes concerns regarding finality, avoiding piecemeal appeals, and availability of effective appellate review." *Id.*

**[5]** Cases from the First, Second, Third, and Fifth Circuits further support interpreting *Cunningham* as applying more broadly than to Rule 37(a) sanctions alone. The First Circuit recognized in *Empresas Omajede, Inc. v. Bennazar-Zequeira*, 213 F.3d 6, 9 n. 4 (1st Cir. 2000), that *Cunningham* affirmed its precedents denying interlocutory appeals in the sanctions area. *See, e.g., United States v. Kouri-Perez*, 187 F.3d 1, 14 (1st Cir. 1999) (holding sanctions order pursuant to district court's inherent powers not immediately appealable); *Appeal of Licht & Semonoff*, 796 F.2d 564, 573 (1st Cir. 1986) (holding sanctions pursuant to Rule 26(g) not immediately appealable).

The law in the Second Circuit prior to *Cunningham* had been that an attorney may immediately appeal an order

imposing sanctions under the collateral order exception. However, in *New Pacific Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 252 F.3d 667, 669-70 (2d Cir. 2001), the Second Circuit acknowledged that *Cunningham* effectively reversed that rule. The *New Pacific* court dismissed for lack of appellate jurisdiction an appeal of sanctions imposed under 28 U.S.C. § 1927 and Rule 37(a).

Like the Second Circuit, the Third Circuit extended the application of *Cunningham*, holding in *Comuso v. Nat'l R.R. Passenger Corp*., 267 F.3d 331, 338-39 (3d Cir. 2001), that *Cunningham* applied to sanctions imposed under a district court's inherent powers for conduct that occurred outside the court, and rejecting the argument that *Cunningham* applied only to Rule 37(a) sanctions. The court held that earlier Third Circuit decisions allowing counsel to appeal sanctions immediately "are no longer good law to the extent that they conflict with *Cunningham*." *Id.* at 339. Specifically, the Third Circuit observed in *Comuso* that *Cunningham* superseded *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir. 1985), which approved immediate appeal of a sanctions order imposed under Rule 11 against the plaintiff's attorney. *See Comuso*, 267 F.3d at 339.

In *Williams v. Midwest Employers Cas. Co*., 243 F.3d 208, 208-09 (5th Cir. 2001), the Fifth Circuit dismissed for lack of jurisdiction an interlocutory appeal of monetary sanctions imposed against an attorney pursuant to Rule 11 and the district court's inherent powers. In doing so, the *Williams* court acknowledged *Cunningham*'s effect and invoked the Fifth Circuit's opinion in *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987), which refused to distinguish between types of sanctions. *Williams*, 243 F.3d at 210 n. 10.

### III.   CONCLUSION

**[6]** The precedential effect of *Cunningham* is clear. We now expressly interpret *Cunningham* as extending to sanc-

tions under § 1927 and a district court's inherent powers, and overrule prior conflicting cases. Accordingly, this court lacks jurisdiction to entertain Leavitt's interlocutory appeal.

DISMISSED for lack of jurisdiction.