10-3806-cv(L)
In re Sony Corp. SXRD (Ouellette)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - -x

In re SONY CORP. SXRD

| | |
|---|---|
| MICHAEL OUELLETTE, on behalf of himself and all others similarly situated, et al., Plaintiffs-Appellants, | 10-3806-cv(L) 10-3814-cv(con) 10-3824-cv(con) |
| – v – | 10-3829-cv(con) 10-3871-cv(con) |
| SABRINA CARDENAS, Plaintiff-Appellee, | 10-3873-cv(con) 10-3874-cv(con) 10-3888-cv(con) |
| – and – | |
| SONY CORPORATION et al., Defendants-Appellees. | |

- - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFFS-APPELLANTS:     ARTHUR R. MILLER (Sanford P. Dumain, Milberg LLP, Robert I. Lax, Lax LLP, Joseph J.M. Lange, Jeffrey A. Koncius, Lange & Koncius, LLP, on the brief), New York, New York.

FOR PLAINTIFF-APPELLEE:     WILLIAM B. FEDERMAN, Federman & Sherwood, Oklahoma City, Oklahoma.

FOR DEFENDANTS-APPELLEES:       JOHN S. PURCELL (Richard I. Werder,
                                Jr., on the brief), Quinn Emanuel
                                Urquhart & Sullivan, LLP, New York,
                                New York.

FOR APPELLANTS:                 GREGORY P. JOSEPH (Mara Leventhal,
                                Maura Eileen O'Connor, on the
                                brief), Gregory P. Joseph Law
                                Offices LLC, New York, New York.

Appeals from a final judgment and related orders of the United States District Court for the Southern District of New York (Patterson, J.).

These are appeals in seven consumer class actions that were consolidated below.  Plaintiffs-appellants are named plaintiffs in five of the cases; they appeal the district court's opinion and order of August 24, 2010 approving the settlement of the consolidated cases.  Appellants are lawyers (and their law firms) who were publicly reprimanded by the district court in a decision filed July 22, 2010; they appeal the sanctions order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, except that its order imposing Rule 11 sanctions against appellants is **VACATED**.

1. **Approval of the Settlement**

Rule 23(e) of the Federal Rules of Civil Procedure provides that the settlement of a class action must be approved by the district court.  Fed. R. Civ. P. 23(e).  A district court

-2-

may approve a settlement of a class action only if it determines that the settlement is "fair, adequate, and reasonable, and not a product of collusion." Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000). This analysis requires the court to consider both "the settlement's terms and the negotiating process leading to settlement." Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005) (citation omitted). "A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" Id. (quoting Manual for Complex Litigation (Third) § 30.42 (1995)).

In making this determination, courts consider what are commonly referred to as the Grinnell factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and discovery completed; (4) the risks of establishing liability; (5) the risks of proving damages; (6) the risks of maintaining a class action through trial; (7) the ability of defendants to withstand greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of the attendant risks of litigation. City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds, Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000); see also Wal-Mart, 396 F.3d at 117-19 (applying Grinnell factors).

Public policy favors settlement. Wal-Mart, 396 F.3d at 116-17; accord Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts . . . ."); TBK Partners, Ltd. v. W. Union Corp., 675 F.2d 456, 461 (2d Cir. 1982) (noting "the paramount policy of encouraging settlements"). Consequently, when evaluating a settlement agreement, the court is not to substitute its judgment for that of the parties, nor is it to turn consideration of the adequacy of the settlement "into a trial or a rehearsal of the trial." Grinnell, 495 F.2d at 462.

We review a district court's determination that a settlement is "fair, reasonable, and adequate" for abuse of discretion. McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2d Cir. 2009). The district court's factual findings relating to the settlement are reviewed for clear error, while its rulings of law are reviewed de novo. Id.

Here, we conclude that the district court did not abuse its discretion in approving the settlement of the consolidated class actions relating to the second generation SXRD rear projection televisions (the "Settlement"). The district court carefully and thoroughly considered both the terms of the Settlement and the negotiation process that led to it. Indeed, in connection with the approval of the Settlement, the district court required extensive briefing, conducted hearings over five days, and subjected the parties and their attorneys to a searching inquiry. The terms of the Settlement were similar to

-4-

-- if not better than -- the terms of the court-approved settlement of the class actions relating to the first generation SXRD televisions, where the class was represented by some of the same counsel now representing the parties claiming the Settlement is inadequate.

As the district court found, plaintiffs' counsel here took extensive confirmatory discovery, and the Settlement was reached only after extensive negotiations and with the assistance of a mediator (a retired judge who assisted in resolving the issue of attorneys' fees). The district court specifically considered the issue of collusion and found none, and plaintiffs-appellants' counsel conceded at oral argument that, indeed, the record contains no evidence of collusion. Moreover, in a class of over 352,000 members, only eighty-three opted out and only twenty objected.

We have considered appellants' other arguments with respect to the approval of the Settlement and have found them to be without merit. We are satisfied, based on our review of the record, that the district court's findings were well-supported by the record, that it gave due consideration to the Grinnell factors, and that it did not abuse its discretion in approving the Settlement.

2. **The Sanctions Order**

We vacate the district court's sanctions order. We understand why the district court felt the need to impose sanctions; we agree, for example, that (1) the Meserole

plaintiffs' counsel did not have evidentiary support for certain of the assertions in the second amended complaint, (2) they took a statement attributable to a former Sony employee out of context, thereby making it misleading in terms of time, and (3) they filed motion papers supporting the confidential source allegations even after defendants had served the Rule 11 motion. We agree with the district court that we expect counsel to do better.

Nonetheless, we conclude that the district court's order imposing sanctions against the Meserole plaintiffs' counsel should be vacated. Counsel did eventually withdraw the offending allegations (albeit after the safe-harbor period had expired), the district court found that counsel did not act in bad faith, and the district court's order to show cause did not give specific notice of the second basis for the imposition of sanctions (the delay in striking the contested allegations).

## CONCLUSION

Accordingly, the judgment of the district court is **AFFIRMED**, except that its order imposing Rule 11 sanctions against appellants is **VACATED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK