10-4196-cv
Douglas v. Merck & Co., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of January, two thousand twelve.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

-----------------------------------------------------------------------
GARY J. DOUGLAS,

        *Non-Party-Appellant*,

SHIRLEY BOLES,

        *Plaintiff*,

        v.                            No. 10-4196-cv

MERCK & CO., INC.,

        *Defendant-Appellee*.[*]
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     MICHAEL S. ROSS, Esq., New York, New York.

APPEARING FOR APPELLEE:     PAUL F. STRAIN (David J. Heubeck, *on the brief*), Venable LLP, Baltimore, Maryland; Norman C. Kleinberg, Theodore V.H. Mayer, William J. Beausoleil, Hughes Hubbard & Reed LLP, New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from an order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the district court's October 4, 2010 sanctions order is DISMISSED.

Attorney Gary Douglas, counsel to plaintiff Shirley Boles during the trial of her products liability action against defendant Merck & Co., Inc. ("Merck"), appeals the district court's October 4, 2010 order imposing on him a $2,500 sanction for improperly suggesting in summation that the jury should use its verdict to punish Merck. Douglas contends that the district court abused its discretion in sanctioning him under its inherent power "to discipline attorneys who appear before it, " Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991), because its conclusions that his comments were made in bad faith and without color were not supported by "a high degree of specificity in the factual findings," Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009), and because those conclusions were based on a "clearly erroneous assessment of the evidence," id. at 113 (internal quotation marks omitted).

Before we reach the merits of Douglas's appeal, however, we are obligated to determine our jurisdiction. See Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 131 (2d Cir. 2007). Douglas acknowledges that the challenged sanctions order was not a "final decision[]," 28 U.S.C. § 1291, insofar as it did not end the underlying lawsuit or leave the court with nothing to do but execute judgment, see New Pac. Overseas Grp. (U.S.A.) Inc. v.

2

Excal Int'l Dev. Corp., 252 F.3d 667, 669 (2d Cir. 2001). Nevertheless, Douglas argues that interlocutory appeal is supported by the collateral order doctrine, which affords appellate jurisdiction over a "small category of orders that do not terminate the litigation," but (1) conclusively determine the disputed question, (2) resolve an important question separate from the merits, and (3) "are effectively unreviewable on appeal from the final judgment in the underlying action." Cunningham v. Hamilton Cnty., 527 U.S. 198, 204 (1999) (internal quotation marks omitted).

Setting aside the question of whether Cunningham's categorical approach to appealability, see 527 U.S. at 206 (emphasizing that the Court has "eschewed a case-by-case approach to deciding whether an order is sufficiently collateral"), applies to inherent power sanctions,[1] Douglas fails to satisfy the separateness and unreviewability prongs of the collateral order doctrine. The sanctions order was prompted by summation argument inextricably intertwined with the merits of the district court's decision to set aside the jury's damages award, a matter that may well come before this court on appeal from a final

---

[1] Several of our sister circuits have concluded that Cunningham's holding is not limited to Rule 37 discovery sanctions. See Stanley v. Woodford, 449 F.3d 1060, 1063-65 (9th Cir. 2006) (concluding that Cunningham abrogated precedent permitting interlocutory appeals of inherent-power sanctions, and citing with approval New Pac. Overseas Grp. (U.S.A.) Inc. v. Excal Int'l Dev. Corp., 252 F.3d at 669-70); Comuso v. National R.R. Passenger Corp., 267 F.3d 331, 339 (3d Cir. 2001) (interpreting Cunningham to adopt "a per se rule that sanctions orders are inextricably intertwined with the merits of the case" and accordingly abrogating precedent permitting interlocutory appeals of Fed. R. Civ. P. 11 and discovery sanctions); Empresas Omajede, Inc. v. Bennazar-Zequeira, 213 F.3d 6, 9 n.4 (1st Cir. 2000) (observing that Cunningham confirmed circuit precedent holding that inherent-power sanctions against attorneys are not immediately appealable).

judgment after retrial.  See Rangolan v. County of Nassau, 370 F.3d 239, 244 (2d Cir. 2004) (observing that plaintiff offered conditional remittitur preserves appellate rights only by submitting to new trial).  Thus, because the sanctions inquiry now urged "would differ only marginally from an inquiry into the merits," Cunningham v. Hamilton Cnty., 527 U.S. at 206, the collateral order doctrine does not apply here.

Further, although a final order in this case awaits retrial, that circumstance only delays Douglas's ability to appeal the sanctions order; it does not render that order unreviewable. Whenever and however a final judgment is entered, "an attorney may appeal a decision where the district court imposes a tangible sanction or makes an express finding that a lawyer has committed specific acts of professional misconduct."  Keach v. County of Schenectady, 593 F.3d 218, 226 (2d Cir. 2010); see also In re Goldstein, 430 F.3d 106, 111-12 (2d Cir. 2005) (per curiam) (holding sanction included in final judgment appealable); Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 222 (2d Cir. 2003) (affirming attorney sanction in amended judgment).[2]

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Indeed, we recently vacated an attorney-sanctions order in an appeal from a final judgment entered after settlement.  See In re Sony Corp. SXRD, No. 10-3806-cv(L), 2011 WL 4425361, at *1 (2d Cir. Sept. 23, 2011) (summary order) (affirming approval of class-action settlement and vacating attorney sanctions).