# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

Nos. 20-30170
and
20-30341
Summary Calendar

REC MARINE LOGISTICS, L.L.C.,

*Plaintiff—Appellant*,

*versus*

DEQUINCY R. RICHARD,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11149

Before KING, SMITH, and WILSON, *Circuit Judges*.
PER CURIAM:*

Fred E. Salley, former counsel for plaintiff REC Marine Logistics, L.L.C., appeals sanctions ordered against him in the underlying matter. In the first appeal, Case No. 20-30170, Salley challenges $1,500 in sanctions

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Nos. 20-30170 and 20-30341

that were imposed on him because of his failure to comply with discovery requests and to provide dates and times for a vessel inspection.[1] In the second appeal, Case No. 20-30341, Salley challenges sanctions that were awarded because of his disruptive behavior at a deposition.[2] In both appeals, Salley argues that the sanctions were improper because he had been suffering from severe illness at the time of the sanctioned behavior.

"As a general rule an attorney must await the end of litigation in the district court to appeal a sanction." *Walker v. City of Mesquite*, 129 F.3d 831, 832 (5th Cir. 1997). Indeed, we have held that "sanctions orders are not . . . appealable final decisions" under 28 U.S.C. § 1291 or "appealable collateral orders" pursuant to *Cohen v. Beneficial Life Insurance Co.*, 337 U.S. 541 (1949). *Williams v. Midwest Employers Cas. Co.*, 243 F.3d 208, 209 (5th Cir. 2001). The latter is so because "sanctions can be and routinely are appealed when merged in the district court's final judgment." *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987).[3]

---

[1] The district court did not expressly state whether those sanctions were awarded pursuant to its inherent power or a particular Federal Rule of Civil Procedure, but such sanctions are permitted under Fed. R. Civ. P. 37 for failure to make disclosures or cooperate in discovery.

[2] Salley was individually sanctioned in the amount of $1,000 under Fed. R. Civ. P. 30(d)(2) ("[T]he court may impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent.").

[3] In *Click v. Abilene National Bank*, we specifically held that Rule 11 and Rule 37 sanctions were not appealable pursuant to the collateral order doctrine. 822 F.2d at 545. However, this rule has also been applied to sanctions ordered under the district court's inherent power, *see Williams*, 243 F.3d at 210, and the same logic applies to sanctions awarded under Rule 30(d)(2), *see Grain Dealers Mut. Ins. Co. v. Cooley*, 734 F. App'x 223, 227 (5th Cir. 2018) (considering district court's denial of Rule 30(d)(2) sanctions after entry of final judgment); *Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 959 (5th Cir. 1988) ("[A]fter a truly final order, appellate review of any prior attorney's fee determination will be available.").

Nos. 20-30170 and 20-30341

Because the underlying matter is ongoing and no final judgment has been entered, we asked the parties to submit supplemental letter briefs addressing whether Salley's appeals are premature. Both parties responded that, because Salley was allowed to withdraw as counsel in the underlying matter on October 6, 2020, his appeals of sanctions ordered against him should be permitted.

We have recognized limited exceptions to the rule that sanctions orders are not appealable under the collateral order doctrine. Relevant to this case, in *Markwell v. County of Bexar*, the court held that such orders are appealable "where an order assesses sanctions against an attorney who has withdrawn from representation at the time of the appeal, and immediate appeal of the sanctions order will not impede the progress of the underlying litigation." 878 F.2d 899, 901 (5th Cir. 1989). It should be noted that the continued validity of this exception has been in question since the Supreme Court decision in *Cunningham v. Hamilton County*, in which the Court emphasized that "the appealability of a Rule 37 sanction imposed on an attorney" should not "turn on the attorney's continued participation." 527 U.S. 198, 209 (1999); *see also Williams*, 243 F.3d at 210 ("It is . . . doubtful that the exception[] to *Click* created by *Markwell* . . . survive[d] *Cunningham*."). Regardless of *Markwell*'s continuing validity, it is not applicable in this case. Though Salley did withdraw as an attorney on October 6, 2020, he had not withdrawn "at the time of the appeal" in either Case No. 20-30341 or Case No. 20-30170. *Markwell*, 878 F.2d at 901; *see also Nogess v. Poydras Center, L.L.C.*, 728 F. App'x 303, 307 (5th Cir. 2018) (refusing to apply *Markwell* exception because, though sanctioned attorneys no longer represented a party at the time of decision, they did not withdraw until "months after the time of the appeal"). Indeed, Salley's withdrawal in October did not come until months after his appeals were filed. Accordingly, even if the *Markwell* exception has continuing viability (which we need not

3

decide), it does not apply in this case, and we are without jurisdiction over Salley's appeals.

Based on the foregoing, the appeals are DISMISSED for lack of jurisdiction.