NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**NIAZI LICENSING CORPORATION,**
*Plaintiff*

**MICHAEL T. GRIGGS, SARAH M. WONG,**
*Sanctioned Parties-Appellants*

**v.**

**ST. JUDE MEDICAL S.C., INC.,**
*Defendant-Appellee*

———————————

2022-2271

———————————

Appeal from the United States District Court for the District of Minnesota in No. 0:17-cv-05096-WMW-BRT, Judge Wilhelmina M. Wright.

———————————

**ON MOTION**

———————————

Before DYK, BRYSON, and PROST, *Circuit Judges.*

BRYSON, *Circuit Judge.*

**O R D E R**

Appellants Michael T. Griggs and Sarah M. Wong, plaintiff's counsel in the underlying action, appeal after being sanctioned by the district court in the form of attorneys' fees and costs pursuant to 28 U.S.C. § 1927. St. Jude Medical S.C., Inc., the defendant in the underlying case, moves to dismiss for lack of jurisdiction. Appellants oppose.

This is the second time an appeal from this patent case has been filed in this court. In the first appeal, *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339 (Fed. Cir. 2022), we, *inter alia*, reversed the district court's construction of several claim terms and remanded for further proceedings. Following that decision, the district court awarded and quantified sanctions against Appellants and set out the sanctions award in a formal judgment, but the case continues on the merits. This appeal followed.

We agree with St. Jude that we lack jurisdiction over this appeal. We have long held that "an order imposing sanctions against an attorney is reviewable [only] after" the district court has reached a "final" decision, *Sanders Assocs., Inc. v. Summagraphics Corp.*, 2 F.3d 394, 398 (Fed. Cir. 1993), *i.e.*, one that "ends the litigation on the merits," *Catlin v. United States*, 324 U.S. 229, 233 (1945). *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 209–10 (1999) (affirming dismissal for lack of jurisdiction over interlocutory appeal of a sanctions order against a party's attorney). Here, no final decision has been entered and no one here disputes that merit proceedings are ongoing.

Appellants urge the court to find that the sanctions are immediately appealable because appellants are non-parties to the underlying infringement action. That argument, however, runs headlong into the Supreme Court's decision in *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), in which the Court determined that an order imposing sanctions against a party's attorney under Rule 37 of the Federal Rules of Civil Procedure was not appealable until after the district court entered a final judgment.

The Court in *Cunningham* concluded that "[t]he effective congruence of interests between clients and attorneys counsels against treating attorneys like other nonparties for purposes of [immediate] appeal." *Id*. at 207.[1] The Court further explained that the sanctions order was not reviewable under the collateral order doctrine, because such a "sanctions order often will be inextricably intertwined with the merits of the action," and "[t]o permit an immediate appeal from such a sanctions order would undermine the very purpose of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Id*. at 205–08.

While appellants were not sanctioned under Rule 37, that distinction is not legally significant, as there is no material difference in the policies underlying Rule 37 sanctions and those justifying sanctions under § 1927, which similarly authorizes sanctions against counsel who "multiplies the proceedings in any case unreasonably and vexatiously." *See, e.g., Lippert Components Mfg., Inc. v. MOR/Ryde Int'l Inc.*, Appeal No. 2016-2151 (Fed. Cir. Jul. 28, 2016), ECF No. 17; *Stanley v. Woodford*, 449 F.3d 1060, 1064 (9th Cir. 2006) (collecting cases).

Accordingly,

---

[1]    Appellants cite to this court's decisions in *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346 (Fed. Cir. 2003) and *Nisus Corp. v. Perma-Chink Systems, Inc.,* 497 F.3d 1316 (Fed. Cir. 2007), but those cases are inapposite. Both cases held that an attorney may appeal from a trial court's formal reprimand that lacks a monetary component; they do not hold that an attorney who is sanctioned for attorneys' fees can appeal before final judgment.

4   NIAZI LICENSING CORPORATION v. ST. JUDE MEDICAL S.C., INC.

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

December 28, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

ISSUED AS A MANDATE:  December 28, 2022